I certify and attest that the above is a true copy of the original record of the Court in case number _____ *IISL-AC 28887* _____ as it appears on file in my office.



Issued

_____ 3-18-13 _____

**JOAN M. GILMER,** Circuit Clerk
St. Louis County Circuit Court

By

_____ Reid Heumann _____
Deputy Clerk



In the

# CIRCUIT COURT
## of St. Louis County, Missouri

GCAC
_____
Plaintiff(s)

vs.

Deaver
_____
Defendant(s)

Date  3/12/13

Case Number  1152-28887-01

Division  38

For File Stamp Only

**FILED**

MAR 12 2013

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## ORDER

GCAC's motion for reconsideration of order denying protective order was called, heard with all parties appearing by counsel, GCAC's motion is hereby denied. GCAC shall respond to discovery pursuant to Dec 31, 2012 order within 30 days.

**SO ORDERED**

_____
Judge

**ENTERED:** _____ 3/12/13
                      (Date)

CCOPR47  Rev. 5/95

Attorney _____  40794
314-231-3732         Bar No.

Address _____

Phone No. _____  Fax No. _____

Attorney  #53089
Atty for GCAC        Bar No.
314-242-5350

Address _____

Phone No. _____  Fax No. _____

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

2013 MAR -8  PM 1:48

JOAN M. GILMER
CIRCUIT CLERK

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 38

### Response in Opposition to GCAC's Motion to Reconsider

Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard PC, respectfully submits his response in opposition to General Credit Acceptance Company's ("GCAC") Motion to Reconsider its Motion for Protective Order:

GCAC is back before this Court for the *fourth time* trying to convince the Court to rule on its motion for summary judgment before GCAC must produce discovery it has been ordered to produce twice before by Judge Hemphill. The *first time* was on September 18, 2012, at the settlement conference. The Court denied GCAC's request, and instructed the parties to submit a proposed scheduling order consistent with that ruling. Instead of filing a proposed scheduling order, however, GCAC filed its motion for summary judgment that previously told GCAC would not be heard until class discovery was completed.

The *second time* occurred when GCAC submitted a proposed scheduling order on October 17, 2012, which stayed discovery until after ruling on GCAC's motion for summary judgment. The Court again rejected GCAC's attempt to stay discovery and found "the Motion for Summary Judgment filed by GCAC was premature considering the court's discussions with counsel regarding the parameters of discovery." Accordingly, the Court entered a Scheduling and Discovery Order postponing the response to GCAC's premature summary judgment motion until after class discovery was completed.

4095861.1

GCAC attempted to convince the Court for the ***third time*** that discovery should be stayed until after a ruling on its summary judgment motion by filing a motion for protective order on November 12, 2012. The Court again rejected GCAC's attempt and ordered it produce the relevant documents within 45 days after the order. All the Court's orders are attached hereto as **Exhibit A**, and incorporated herein by this reference.

GCAC is not advancing new arguments or producing new evidence. Indeed, GCAC relies on the same affidavit attached to its original motion for protective order for the proposition that to complete class wide discovery over a four year time period would cost GCAC $75,000 to $100,000 and require at least five months to accomplish. Initially, GCAC was served with the written discovery on September 18, 2012. Thus, GCAC has already had over five months to work on producing the requested discovery. Moreover, the affidavit relied upon by GCAC calculated the estimated costs based on having to respond to discovery "encompassing the entire time GCAC has been in business," or seven and one-half years of records, and requiring production of "20 to 30 documents" in "12,000 files." *See* GCAC's Motion for Protective Order, pp. 3-4. Deaver agreed to limit discovery to ***only two*** documents per loan file for the last four years, and the Court found this reasonable. *See* Order Denying Counterclaim-Defendant's Motion for Protective Order, ¶¶ 4-5. Needless to say, this estimate is inflated in light of the limits on discovery, and it is disingenuous for GCAC to continue to present it to the Court in support of its second request for a protective order.[1]

Without new evidence or arguments, GCAC apparently hopes its same arguments and evidence will achieve a different result in front of a different judge on its motion to reconsider.

---

[1]   Amazingly, GCAC continues to mischaracterize Deaver's claims regarding the sufficiency of GCAC's notice as limited to two defects: a typographical error as to the date of repossession and that it was not signed. The repossession notices sent by GCAC were not only unreasonable for these reasons, but are unreasonable because they included language that would cause Mr. Deaver and members of the putative class to believe they were required to use cash or other certified funds to redeem, when in fact that is not legally required under the contract. *See* Counterclaim, ¶ 49. The Court recognized this as one of the principal reasons Deaver alleges the repossession notices are defective. *See* Order Denying Counterclaim-Defendant's Motion for Protective Order, ¶ 5.

There is a "presumption against reopening matters already decided…when a case is reassigned from one judge to another." *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). This simply "reflects interests in consistency, finality, and the conservation of judicial resources, among others." *Id.* "In situations where a different member of the same court re-examines a prior ruling, 'the law of the case doctrine . . . reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one.'" *Id.* (quoting in part *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005)). These concerns become extremely compelling, where as here, the party is not just asking the Court to reopen matters already decided, but is doing so for the ***fourth time***.

In light of the fact that GCAC is repeating the same rejected argument on numerous occasions, it is taking a path that is wasteful of both the Court's and Deaver's time. The Court should not condone GCAC's repeated requests for reconsideration of this same issue; otherwise, it will just encourage GCAC to use similar tactics with respect to any ruling made by this Court. Therefore, Deaver requests the motion for reconsideration be denied and that Deaver be awarded his costs and reasonable attorney's fees with respect to the motion for reconsideration.

WHEREFORE, Deaver respectfully requests this Court enter an order denying GCAC's motion for reconsideration, awarding Deaver his costs and reasonable attorney's fees, and for all other relief just and proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____
Martin L. Daesch #40494
Jesse B. Rochman, #60712
600 Washington Avenue – 15th Floor
St. Louis, MO 63101
(314) 231-3332
(314) 241-7604 Facsimile
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Counterclaimant David Deaver*

## Certificate of Service

The undersigned certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, on March 8, 2013, to the following counsel of record:

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
*Attorneys for Plaintiff/Counterclaim-Defendant*
*General Credit Acceptance Company*

# TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

FILED

OCT 17 2012

GENERAL CREDIT ACCEPTANCE COMPANY,

    Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

    Defendant/Counterclaimant.

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Case No. 11SL-AC28887-01
Division: 42    REMINDER DATE _____
           DUE DATE _____

OCT 1 2012

INITIALS _____

## Scheduling and Discovery Order

The Court, with consent of the parties and being fully advised in the premises, enters the following scheduling and discovery order:

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant' objections to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | October 18, 2012 |
| Counterclaim-Defendant' answers and responses to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | November 28, 2012 |
| Counterclaimant's deposition | January 26, 2012 |
| Counterclaim-Defendant's deposition | February 27, 2012 |
|  |  |

3781424\1



EXHIBIT

A

| Counterclaimant's Motion for Class Certification and Memorandum in Support | January 14, 2012 |
|---|---|
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | February 19, 2012 |
| Counterclaimant's Reply Memorandum, if any | February 27, 2012 |
| Class Certification hearing | 30 days after briefing on Class Certification is completed |
| All dispositive motions, if any | 45 days after the Court's ruling on Class Certification |
| Responses, replies and sur-replies to dispositive motions, if any | As provided for in the Missouri Rules of Civil Procedure with the time commencing January 14, 2012 |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief allowed for said dispositive motion under the Missouri Rules of Civil Procedure |
| Status conference | April 12, 2013 at 9:00 a.m. |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue.

A status conference is set for April 12, 2013 at 9:00 a.m. in Division 38.

**SO ORDERED**

_/s/ Hemphill_                                          DATE: <u>October 17, 2012</u>

Judge Sandra Farragut-Hemphill, Division 42

cc: Attorneys of Record

REMINDER DATE _____
DUE DATE _____

NOV 2 , 2012

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## 21st JUDICIAL CIRCUIT

| | | |
|---|---|---|
| General Credit Acceptance Company, | ) | |
| Plaintiff | ) | November 19, 2012 |
| | ) | |
| vs | ) | Cause No.  11SL-28887-01 |
| | ) | |
| | ) | Division 42 |
| David Deaver, | ) | |
| | ) | |
| Defendants | ) | |

For File Stamp Only

**FILED**

NOV 1 9 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Order

This cause came before the court on Defendant's Motion to Strike or in the Alternative For Leave For An Extension of Time to respond to Plaintiff's Motion for Summary Judgment filed on October 3, 2012. The court held a settlement conference with counsel on September 19, 2012 and discussed the parameters of a scheduling Order. The court advised the parties of its preferences with respect to the phases of discovery.  The parties were to consult and submit a proposed scheduling order on or before October 9, 2012. On October 3, 2012 GCAC filed a Motion for Summary Judgment.

On October 15, 2012 defendant filed a memorandum advising the court that GCAC had not suggested or requested any revisions to the proposed scheduling order. Defendant, on the same date, filed the Proposed Scheduling Order. On October 17, 2012 GCAC filed an alternative proposed scheduling order.

On October 17, 2012 the Scheduling and Discovery Order submitted by Defendant was entered by the court. The court finds that the Motion for Summary Judgment filed by GCAC was premature considering the courts discussions with counsel regarding the parameters of discovery.

1

The court denies the motion of Defendant to strike GCAC's Motion for Summary Judgment. The court grants the motion of Defendant for an extension of time to respond. The response of Defendant to GCAC'S Motion for Summary Judgment shall be filed within the time frame set forth in the October 17, 2012 Scheduling and Discovery Order regarding responses to dispositive motions.

This cause shall remain on the court's motion docket of December 14, 2012 at 9:00 a.m.

**SO ORDERED:**

_Sandra Farragut-Hemphill 11/19/12_
Sandra Farragut-Hemphill, Judge
Div. 42

cc: Attorneys of Record

TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

**FILED**

GENERAL CREDIT ACCEPTANCE COMPANY,

Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

Defendant/Counterclaimant.

DEC 3 1 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Case No. 11SL-AC28887-01
Division: 42

### Order Denying Counterclaim-Defendant's
### Motion for Protective Order

This cause came before the Court on December 14, 2012, with parties appearing by counsel,

on Counterclaim-Defendant General Credit Acceptance Company's ("GCAC") Motion for Pro-

tective Order ("Motion"). After reviewing the entire record, hearing argument from counsel and

being fully in the premises, the Motion is **DENIED**.

1.     "Rule 56.01(c) provides that the trial court may issue a protective order to protect

a party or person from annoyance, embarrassment, oppression, or undue burden or expense upon

motion by the party and a showing of good cause." *State ex rel. Ford Motor Co. v. Manners*, 239

S.W.3d 583, 587 (Mo. banc 2007). "The trial judge has broad discretion to determine the appro-

priateness and terms of the protective orders for documents produced during discovery." *Id.* at

586.

2.     GCAC seeks a protective order strictly limiting discovery to presale notices sent

to the putative class. According to GCAC, Counterclaimant David Deaver ("Deaver") is seeking

the production of up to 20 to 30 documents in approximately 12,000 files. *See* Motion at p. 3.

GCAC's main argument in support of its request for protective order is that this Court has no

subject matter jurisdiction because GCAC contends the presale notice was not deficient (i.e., no case or controversy).

3.     Jurisdiction is not defeated, as GCAC seems to contend, by the possibility that the Deaver's claim may ultimately fail on the merits. Whether Deaver will succeed on the merits is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction. Because Deaver's action is a civil case, the Court "has subject matter jurisdiction to hear his claim under article V, section 14 of Missouri's constitution." *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473, 475 (Mo. banc 2009); *J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 253-54 (Mo. banc 2009).

4.     Moreover, Deaver has agreed, at this time, to limit discovery to the presale notices sent in the last four years, along with the loan agreements (e.g., Retail Installment Contract and Security Agreement) related to those presale notices and all insurances policies that may indemnify or reimburse GCAC for all or part of any secured transactions resulting in a default and repossession.

5.     The discovery, as limited by Deaver at this time, is reasonably calculated to lead to admissible evidence as to whether class certification may be granted. Deaver seeks to represent a class of persons that had their collateral repossessed and were sent deficient notices. Deaver alleges "GCAC's presale notices to Deaver and the class, including the Notice of Sale, included additional language or content not authorized or allowed by law, rendering the presale notices misleading or unreasonable in violation of §§ 9-610 and 9-614 of the UCC." *See* Deaver's Counterclaim, ¶ 49.

6.     Accordingly, the presale notices are relevant. Additionally, in *Mancuso v. Long Beach Acceptance Corp.*, the appellate court held "that notice language may be unreasonable if it

causes the debtor to believe that something is required for redemption when in fact it is not legally required under the contract. Therefore, we look to the contract to see whether the notice in this case required anything of Ms. Mancuso that was not legally required under the terms of her contract." 254 S.W.3d 88, 95 (Mo.App.2008). The contracts related to each presale notice, therefore, are also relevant to class certification.

7.   As the presale notices and contracts related to the same re relevant to class certification, the Court "is to allow pre-class certification discovery so that the plaintiff may be afforded the opportunity to prove the class certification prerequisites." *State ex rel. Coffman Group, LLC v. Sweeney*, 219 S.W.3d 763, 767 (Mo.App.2005); *see also* October 10, 2012 Scheduling and Discovery Order ("Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure are satisfied").

8.   Therefore, GCAC has failed to meet its burden of proving good cause exists for limiting discovery to only the presale notices.

**THEREFORE, IT IS HEREBY ORDERED** that GCAC's Motion is **DENIED.** GCAC is required to produce the presale notices sent for the years 2009-2012 along with the Retail Installment Contract and Security Agreement related to those presale notices and all insurance policies for the same time period that may indemnify or reimburse GCAC for all of part of any secured transactions resulting in a default and repossession. GCAC shall produce the presale notices and Retail Installment Contract and Security Agreements related thereto for 2009-2012 within 45 days. GCAC shall produce the insurance policies for the years 2009-2012 that may indemnify or reimburse GCAC for all of part of any secured transactions resulting in a default and repossession within 60 days.

The parties are further ordered to set a status conference in Division 38 within 10 days of the expiration of the 60 day discovery period set forth above.

**SO ORDERED**

*Farraghill* 12/3/12

Judge Sandra Farragut-Hemphill, Division 42

cc: Russell F. Waters
    Timothy J. Wolf
    Robert L. Carter
    Martin L. Daesch
    Jesse B. Rochman

4

**TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

FILED

FEB 2 5 2013

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

GENERAL CREDIT ACCEPTANCE COMPANY,

     Counterclaim-Defendant,

v.

DAVID DEAVER,

     Counterclaimant.

Case No. 11SL-AC28887-01
Division: 38

## AMENDED SCHEDULING AND DISCOVERY ORDER

In an attempt to explore settlement potential, the Parties agree that an extension of the Court's Scheduling Order is appropriate. General Credit Acceptance Company, LLC's ("GCAC") hereby agrees to extend the dates. It is also expressly agreed by the Parties that GCAC is not waiving its objections raised by motion and protective order to class wide discovery or more particularly to the nature of the discovery sought by Deaver. These issues are preserved. Based on the foregoing, the Court hereby enters the following Amended Scheduling and Discovery Order.

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant's production of all insurances policies that may indemnify or re-imburse Counterclaim-Defendant for all or part of any secured transactions resulting in a de-fault and repossession | January 24, 2013 |
| Counterclaim-Defendant's answers and re-sponses to Counterclaimant's Second Set of Interrogatories and Second Requests for Pro-duction | March 15, 2013 |
| Counterclaimant's deposition | May 15, 2013 |
| Counterclaim-Defendant's deposition | June 14, 2013 |
| Counterclaimant's Motion for Class Certifica-tion and Memorandum in Support | April 15, 2013 |
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | May 15, 2013 |
| Counterclaimant's Reply Memorandum in Support of Class Certification, if any | June 14, 2013 |
| Class Certification hearing | 30 days after briefing on Class Certi-fication is completed |
| All dispositive motions, if any, must be filed | 45 days after the Court's ruling on Class Certification |
| Counterclaimants' response to Counterclaim-Defendant's motion for summary judgment filed on October 3, 2012 | 30 days after the Court's ruling on Class Certification |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class exclusion and/or objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief al-lowed for said dispositive motion under the Missouri Rules of Civil Procedure |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue. A status conference is set for _May 10, 2013 at 9:30 am._

SO ORDERED

_____
Judge Lawrence J. Permuter, Division 38

DATE: _2/25/13_

3

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

GENERAL CREDIT ACCEPTANCE )
COMPANY, LLC, )
)
)
Counterclaim-Defendant. )
) Cause No.: 11SL-AC28887
vs. )
) Division 38 ⅿ
DAVID DEAVER, )
)
Counterclaimant. )

**NOTICE OF HEARING**

To:    All Attorneys of Record

**PLEASE TAKE NOTICE** that Counterclaim-Defendant General Credit Acceptance

Company, LLC will call up for hearing its Motion to Reconsider Its Motion for Protective Order,

in the Circuit Court of St. Louis County, Missouri on **Tuesday, March 12, 2013** at **9:00 a.m. in**

**Division 38** or as soon thereafter as the same may be heard.

BROWN & JAMES, P.C.

*Robert L Carter*

Russell F. Watters,    #25758
Timothy J. Wolf,      ##53099
Robert L. Carter,     #31699
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail, postage prepaid, this ___**4th**___ day of March, 2013 to:.

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314.726.1406 (fax)
*Attorneys for Plaintiff GCAC*

*11055268*

2

CLERK OF THE
CIRCUIT COURT OF
ST. LOUIS COUNTY

13 MAR -4  PM 4: 50

JOAN M. GILMER
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

GENERAL CREDIT ACCEPTANCE          )
COMPANY, LLC,                      )
                                   )
      Counterclaim-Defendant.      )
                                   )   Cause No.: 11SL-AC28887
                                   )
vs.                                )
                                   )   Division  38
DAVID DEAVER,                      )
                                   )
      Counterclaimant.             )

### GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S MOTION TO RECONSIDER ITS MOTION FOR PROTECTIVE ORDER

COMES NOW, General Credit Acceptance Company, LLC ("GCAC") and for its Motion to Reconsider states:

1.    Counterclaimant David Deaver filed a Counterclaim seeking class-wide damages based solely on alleged defects in GCAC's Notice of Sale of Collateral issued after GCAC repossessed a motor vehicle that was the subject of a security interest where the debtor was in default.

2.    Deaver alleged GCAC's Pre-Sale Notice of Repossessed Collateral directed to him was defective for two reasons:

- There was a typographical error as to the date of repossession – December 9 instead of December 19 - which made the Notice misleading; and

- The Pre-Sale Notice was not signed by GCAC.

3.    On October 3, 2012, GCAC filed a Motion for Summary Judgment on Deaver's claims on the basis that the Pre-Sale Notice it sent to Deaver was reasonable, the typographical error in the draft Notice was corrected before being sent to Deaver, and since its Notice contains GCAC's letterhead, it does not need to be "signed."

4.     The entire Deaver Transaction File and all other documents related to Deaver have been produced by GCAC to Deaver's counsel.

5.     Only the Counterclaim remains in this case, so that a ruling on the Motion for Summary Judgment could terminate the litigation.

6.     Under the Missouri Rule of Civil Procedure 74.04, governing Summary Judgment Motions, a party seeking to continue its response date or the hearing date must submit a detailed Affidavit stating the reasons an extension of time is needed i.e., certain specific discovery must be completed.   Deaver sought an extension without supplying the requisite reasons.   Rule 74.04(f).

7.     Over GCAC's objection, on October 17, 2012, the Court entered a Scheduling Order which postponed dramatically any hearing on GCAC's Summary Judgment Motion.  Only after broad and very expensive class-wide discovery is completed, and 45 days after the Court's Ruling on Deaver's Class Certification Motion, will GCAC's Motion for Summary Judgment be heard.

8.     On November 13, 2012, GCAC filed a Motion for Protective Order reiterating the need to have a hearing on its Summary Judgment Motion to determine if Deaver even has a submissible case before very expensive ($75,000 to $100,000 estimated) discovery is undertaken.  The Affidavit of Joseph Burris, GCAC's Controller, filed with the GCAC' Motion for Protective Order, averred that to complete the examination of 12,000 files to respond to the class wide discovery over a four year time period – 2009, 2010, 2011 and 2012 – would cost GCAC $75,000 to $100,000 and require at least five months to accomplish.  Since GCAC has only three employees, an additional employee would need to be hired.

9.      Deaver seeks all Retail Installment Contracts, and amendments thereto, and all the Pre-Sale Notices over a four year period.  In addition to the substantial cost and the burden upon GCAC, those documents in the 2009 through 2012 time period could not possibly support Deaver's "class action" counterclaim because GCAC filed those documents with its Petitions for Deficiency Judgment, the vast majority of which have been reduced to judgment.  Even if there were other Pre-Sale Notices with typographical errors as regards the date of repossession (which GCAC in the Affidavit of Matt Means, its former Finance Manager, states that there are not) the discovered documents could not provide a basis to set aside the judgment because "more than 30 days has expired since judgment was entered."  See Missouri Supreme Court Rules of Civil Procedure 75.01, 78.04 and 74.06.  Even in extreme circumstances, such as intrinsic or extrinsic fraud, the maximum time period to alter, amend or set aside a judgment is one year.  Rule 74.06(c).

10.     During recent settlement negotiations, by agreement of the parties, and without waiving its Protective Order, the deadline to produce class-wide discovery was extended to March 15, 2013.  (See February 25, 2013 Order.)

11.     GCAC's deadline to produce documents is March 15, 2013, a date GCAC cannot possibly meet.

12.     GCAC incorporates by reference its November 13, 2012 Motion for Protective Order.

WHEREFORE, GCAC respectfully requests this Honorable Court to reconsider the prior Scheduling Orders in this matter and:

(1)     Require Deaver to Respond to Motion for Summary Judgment within 30 days;

(2)     Set GCAC's Motion for Summary Judgment for Hearing within 60 days;

3

(3)     Delay class-wide discovery until Summary Judgment Motion is heard; and

(4)     Proposed Order attached.

Respectfully submitted,

BROWN & JAMES, P.C.

*Robert L Carter*

Russell F. Watters,     #25758
Timothy J. Wolf,        ##53099
Robert L. Carter,       #31699
800 Market, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail, postage prepaid, this 4th day of March, 2013 to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314.726.1406 (fax)
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

*Robert L Carter*

*11055103*

4

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

GENERAL CREDIT ACCEPTANCE                )
COMPANY, LLC,                            )
                                         )
                                         )
     Counterclaim-Defendant.            )
                                         )   Cause No.: 11SL-AC28887
vs.                                      )
                                         )   Division  42M
DAVID DEAVER,                            )
                                         )   JURY TRIAL DEMANDED
     Counterclaimant.                   )

### <u>ORDER</u>

Matter comes before the Court on Counterclaim-Defendant General Credit Acceptance Company, LLC's ("GCAC") Motion to Reconsider Its Motion for Protective Order and the prior scheduling orders regarding setting GCAC's Motion for Summary Judgment for hearing and the cope and timing of Counterclaimant's "class wide" discovery directed towards GCAC.

The Court hereby Orders:

1.    Deaver to Respond to GCAC's Motion for Summary Judgment in 30 days;

2.    GCAC's Motion for Summary Judgment to be set for hearing on _____;
and

3.    Class-wide discovery shall be stayed until GCAC's Motion for Summary Judgment is heard and ruled upon.

Date:_____                    SO ORDERED:

                                           _____
                                           JUDGE

<u>*11055289*</u>

**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

FILED
FEB 2 5 2013
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

GENERAL CREDIT ACCEPTANCE COMPANY,

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 38

## AMENDED SCHEDULING AND DISCOVERY ORDER

In an attempt to explore settlement potential, the Parties agree that an extension of the Court's Scheduling Order is appropriate. General Credit Acceptance Company, LLC's ("GCAC") hereby agrees to extend the dates. It is also expressly agreed by the Parties that GCAC is not waiving its objections raised by motion and protective order to class wide discovery or more particularly to the nature of the discovery sought by Deaver. These issues are preserved. Based on the foregoing, the Court hereby enters the following Amended Scheduling and Discovery Order.

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|-------|----------|
| Counterclaim-Defendant's production of all insurances policies that may indemnify or re-imburse Counterclaim-Defendant for all or part of any secured transactions resulting in a de-fault and repossession | January 24, 2013 |
| Counterclaim-Defendant's answers and re-sponses to Counterclaimant's Second Set of Interrogatories and Second Requests for Pro-duction | March 15, 2013 |
| Counterclaimant's deposition | May 15, 2013 |
| Counterclaim-Defendant's deposition | June 14, 2013 |
| Counterclaimant's Motion for Class Certifica-tion and Memorandum in Support | April 15, 2013 |
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | May 15, 2013 |
| Counterclaimant's Reply Memorandum in Support of Class Certification, if any | June 14, 2013 |
| Class Certification hearing | 30 days after briefing on Class Certi-fication is completed |
| All dispositive motions, if any, must be filed | 45 days after the Court's ruling on Class Certification |
| Counterclaimants' response to Counterclaim-Defendant's motion for summary judgment filed on October 3, 2012 | 30 days after the Court's ruling on Class Certification |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class exclusion and/or objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief al-lowed for said dispositive motion under the Missouri Rules of Civil Procedure |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue. A status conference is set for _May 10, 2013 at 9:30 am._

**SO ORDERED**

_____

Judge Lawrence J. Permuter, Division 38

DATE: 2/25/13

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

    Counterclaim-Defendant,

v.

DAVID DEAVER,

    Counterclaimant.

FILED

FEB 2 0 2013

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Case No. 11SL-AC28887-01
Division: 38

### AMENDED SCHEDULING AND DISCOVERY ORDER

In an attempt to explore settlement potential, the Parties agree that an extension of the Court's Scheduling Order is appropriate. General Credit Acceptance Company, LLC's ("GCAC") hereby agrees to extend the dates. It is also expressly agreed by the Parties that GCAC is not waiving its objections raised by motion and protective order to class wide discovery or more particularly to the nature of the discovery sought by Deaver. These issues are preserved. Based on the foregoing, the Court hereby enters the following Amended Scheduling and Discovery Order.

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant's production of all insurances policies that may indemnify or re-imburse Counterclaim-Defendant for all or part of any secured transactions resulting in a de-fault and repossession | January 24, 2013 |
| Counterclaim-Defendant's answers and re-sponses to Counterclaimant's Second Set of Interrogatories and Second Requests for Pro-duction | March 15, 2013 |
| Counterclaimant's deposition | May 15, 2013 |
| Counterclaim-Defendant's deposition | June 14, 2013 |
| Counterclaimant's Motion for Class Certifica-tion and Memorandum in Support | April 15, 2013 |
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | May 15, 2013 |
| Counterclaimant's Reply Memorandum in Support of Class Certification, if any | June 14, 2013 |
| Class Certification hearing | 30 days after briefing on Class Certi-fication is completed |
| All dispositive motions, if any, must be filed | 45 days after the Court's ruling on Class Certification |
| Counterclaimants' response to Counterclaim-Defendant's motion for summary judgment filed on October 3, 2012 | 30 days after the Court's ruling on Class Certification |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class exclusion and/or objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief al-lowed for said dispositive motion under the Missouri Rules of Civil Procedure |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue. A status conference is set for _____.


**SO ORDERED**

_____     DATE:_____
Judge Lawrence J. Permuter, Division 38

3



**FILED**

FEB 1 5 2013

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Consent Motion to Amend Scheduling Order

Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard PC, moves this Court to amend its Scheduling and Discovery Order:

    1.    On October 17, 2012, the Court entered a Scheduling and Discovery Order.

    2.    The parties agree an amended scheduling and discovery order is necessary.

    3.    The parties have conferred and ask the attached proposed Amended Scheduling and Discovery Order be entered by the Court.

WHEREFORE, Deaver respectfully requests this Court enter the proposed amended scheduling order, and for all other relief just and proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____
    Martin L. Daesch #40494
    Jesse B. Rochman, #60712
    600 Washington Avenue – 15th Floor
    St. Louis, MO  63101
    (314) 231-3332
    (314) 241-7604 Facsimile
    mdaesch@sandbergphoenix.com
    jrochman@sandbergphoenix.com
    *Attorneys for Counterclaimant David Deaver*

SO ORDERED: _____    DATE:_____

4050321.2

## Certificate of Service

The undersigned certifies that a copy of the foregoing was mailed on February 12, 2013, to the following counsel of record:

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
*Attorneys for Plaintiff/Counterclaim-Defendant*
*General Credit Acceptance Company*



## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

13 FEB 14  PM 4:32

GENERAL CREDIT ACCEPTANCE COMPANY,

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 38

### AMENDED SCHEDULING AND DISCOVERY ORDER

In an attempt to explore settlement potential, the Parties agree that an extension of the Court's Scheduling Order is appropriate. General Credit Acceptance Company, LLC's ("GCAC") hereby agrees to extend the dates. It is also expressly agreed by the Parties that GCAC is not waiving its objections raised by motion and protective order to class wide discovery or more particularly to the nature of the discovery sought by Deaver. These issues are preserved. Based on the foregoing, the Court hereby enters the following Amended Scheduling and Discovery Order.

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant's production of all insurances policies that may indemnify or re-imburse Counterclaim-Defendant for all or part of any secured transactions resulting in a de-fault and repossession | January 24, 2013 |
| Counterclaim-Defendant's answers and re-sponses to Counterclaimant's Second Set of Interrogatories and Second Requests for Pro-duction | March 15, 2013 |
| Counterclaimant's deposition | May 15, 2013 |
| Counterclaim-Defendant's deposition | June 14, 2013 |
| Counterclaimant's Motion for Class Certifica-tion and Memorandum in Support | April 15, 2013 |
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | May 15, 2013 |
| Counterclaimant's Reply Memorandum in Support of Class Certification, if any | June 14, 2013 |
| Class Certification hearing | 30 days after briefing on Class Certi-fication is completed |
| All dispositive motions, if any, must be filed | 45 days after the Court's ruling on Class Certification |
| Counterclaimants' response to Counterclaim-Defendant's motion for summary judgment filed on October 3, 2012 | 30 days after the Court's ruling on Class Certification |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class exclusion and/or objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief al-lowed for said dispositive motion under the Missouri Rules of Civil Procedure |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue. A status conference is set for _____.


**SO ORDERED**

_____          DATE:_____
Judge Lawrence J. Permuter, Division 38

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

12 DEC 12 PM 5:53

JOAN M. GILMER
CIRCUIT CLERK

| | |
|---|---|
| GENERAL CREDIT ACCEPTANCE COMPANY, LLC, | ) |
| | ) |
| Counterclaim-Defendant. | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVID DEAVER, | ) |
| | ) |
| Counterclaimant. | ) |

JAN 0 2 2013

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Cause No.: 11SL-AC28887-01

Division 42M-38

**COUNTERDEFENDANT GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S
RESPONSE TO COUNTERCLAIMANT DAVID DEAVER'S MOTION TO TAKE CASE**

Counterdefendant General Credit Acceptance Company, LLC ("GCAC") states for its Response in Opposition to Counterclaimant David Deaver's ("Deaver") Motion for Judge Farragut-Hemphill to Take Case as follows:

**Judge Farragut-Hemphill's Reassignment to Family Division**

1.      Per the October 17, 2012, Administrative Order of Assistant Presiding Judge Maura B. McShane, effective January 1, 2013, Judge Farragut-Hemphill was re-assigned to preside over the family court dockets presently heard by Judge Dennis Smith. Judge Lawrence Permuter was assigned the civil docket presently before Judge Farragut-Hemphill.

2.      Pursuant to V.A.M.S. 487.010, the Circuit Court of St. Louis County, Twenty-First Judicial Circuit created a Family Division. The concept behind adoption of a unified family court within a circuit is to create a court with comprehensive jurisdiction over cases involving children and their families. *In the Interest of S.M.H. v. T.H., Jr.*, 160 S.W.3d 355, 361 (Mo. Banc 2005).

3.    Family court judges are required to desire to be so assigned, complete a six month course of training, attend annual CLE's on family law issues and, in essence, become family law specialists.

4.    In St. Louis County, the domestic docket, especially the pro se domestic docket, can aptly be described as large and time consuming requiring domestic Judges to devote full time energy to the family division.

5.    Given this reassignment, it would be difficult for this Court to devote the necessary time to this litigation.

6.    Taking this matter would be contrary to Judge McShane's exercise of administrative authority over the Court and its divisions.

7.    Finally, there is simply no basis to assert that Judge Permuter would not be aptly qualified and competent to preside over this case.

### Judge Farragut-Hemphill Has Made No Substantive Rulings In This Matter

8.    Contrary to the allegations in Deaver's Motion to Take Case, this Court has not made substantive or significant rulings in this case.

9.    As to the Counterclaim, which is merely a possible class action, if certified in the future, the only determinations made by the Court have been the Scheduling Orders of July 30, 2012, September 18, 2012, October 17, 2012, November 17, 2012 and November 19, 2012.

10.    At present, this Court has not addressed a single substantive issue as to whether Deaver has, or ever had, a cause of action against GCAC, or any issue relating to whether any of the essential elements for class certification can plausibly be asserted.

11.    As the case stands today, the matter is like most other matters before the Court on the Associate Division Docket – it is a simple civil suit between two litigants.

12.     Given that this Court has made no substantive ruling, and given the suit has not progressed beyond an action between two litigants, there is no possible valid argument that this case should follow Judge Farragut-Hemphill to the Family Division.

ACCORDINGLY, for the foregoing reasons, GCAC respectfully objects to, and urges denial of, Deaver's Motion to Take Case.

BROWN & JAMES, P.C.

Russell F. Watters,      #25758
Timothy J. Wolf,         ##53099
Robert L. Carter,        #31699
800 Market, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, this 12th day of December, 2012, to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332; 314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
*Attorneys for Plaintiff GCAC*

*10946233*

3

**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

FILED

DEC 3 1 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

GENERAL CREDIT ACCEPTANCE COMPANY,

    Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

    Defendant/Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Order Denying Counterclaim-Defendant's
### Motion for Protective Order

This cause came before the Court on December 14, 2012, with parties appearing by counsel, on Counterclaim-Defendant General Credit Acceptance Company's ("GCAC") Motion for Protective Order ("Motion"). After reviewing the entire record, hearing argument from counsel and being fully in the premises, the Motion is **DENIED**.

    1.    "Rule 56.01(c) provides that the trial court may issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense upon motion by the party and a showing of good cause." *State ex rel. Ford Motor Co. v. Manners*, 239 S.W.3d 583, 587 (Mo. banc 2007). "The trial judge has broad discretion to determine the appropriateness and terms of the protective orders for documents produced during discovery." *Id.* at 586.

    2.    GCAC seeks a protective order strictly limiting discovery to presale notices sent to the putative class. According to GCAC, Counterclaimant David Deaver ("Deaver") is seeking the production of up to 20 to 30 documents in approximately 12,000 files. *See* Motion at p. 3. GCAC's main argument in support of its request for protective order is that this Court has no

subject matter jurisdiction because GCAC contends the presale notice was not deficient (i.e., no case or controversy).

3.      Jurisdiction is not defeated, as GCAC seems to contend, by the possibility that the Deaver's claim may ultimately fail on the merits. Whether Deaver will succeed on the merits is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction. Because Deaver's action is a civil case, the Court "has subject matter jurisdiction to hear his claim under article V, section 14 of Missouri's constitution." *McCracken v. Wal-Mart Stores E., L.P.*, 298 S.W.3d 473, 475 (Mo. banc 2009); *J.C.W. v. Wyciskalla*, 275 S.W.3d 249, 253-54 (Mo. banc 2009).

4.      Moreover, Deaver has agreed, at this time, to limit discovery to the presale notices sent in the last four years, along with the loan agreements (e.g., Retail Installment Contract and Security Agreement) related to those presale notices and all insurances policies that may indemnify or reimburse GCAC for all or part of any secured transactions resulting in a default and repossession.

5.      The discovery, as limited by Deaver at this time, is reasonably calculated to lead to admissible evidence as to whether class certification may be granted. Deaver seeks to represent a class of persons that had their collateral repossessed and were sent deficient notices. Deaver alleges "GCAC's presale notices to Deaver and the class, including the Notice of Sale, included additional language or content not authorized or allowed by law, rendering the presale notices misleading or unreasonable in violation of §§ 9-610 and 9-614 of the UCC." *See* Deaver's Counterclaim, ¶ 49.

6.      Accordingly, the presale notices are relevant. Additionally, in *Mancuso v. Long Beach Acceptance Corp.*, the appellate court held "that notice language may be unreasonable if it

causes the debtor to believe that something is required for redemption when in fact it is not legally required under the contract. Therefore, we look to the contract to see whether the notice in this case required anything of Ms. Mancuso that was not legally required under the terms of her contract." 254 S.W.3d 88, 95 (Mo.App.2008). The contracts related to each presale notice, therefore, are also relevant to class certification.

7.     As the presale notices and contracts related to the same re relevant to class certification, the Court "is to allow pre-class certification discovery so that the plaintiff may be afforded the opportunity to prove the class certification prerequisites." *State ex rel. Coffman Group, LLC v. Sweeney*, 219 S.W.3d 763, 767 (Mo.App.2005); *see also* October 10, 2012 Scheduling and Discovery Order ("Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure are satisfied").

8.     Therefore, GCAC has failed to meet its burden of proving good cause exists for limiting discovery to only the presale notices.

**THEREFORE, IT IS HEREBY ORDERED** that GCAC's Motion is **DENIED.** GCAC is required to produce the presale notices sent for the years 2009-2012 along with the Retail Installment Contract and Security Agreement related to those presale notices and all insurance policies for the same time period that may indemnify or reimburse GCAC for all of part of any secured transactions resulting in a default and repossession. GCAC shall produce the presale notices and Retail Installment Contract and Security Agreements related thereto for 2009-2012 within 45 days. GCAC shall produce the insurance policies for the years 2009-2012 that may indemnify or reimburse GCAC for all of part of any secured transactions resulting in a default and repossession within 60 days.

The parties are further ordered to set a status conference in Division 38 within 10 days of the expiration of the 60 day discovery period set forth above.

**SO ORDERED**

Hemphill   12/31/12
Judge Sandra Farragut-Hemphill, Division 42

cc: Russell F. Waters
✓Timothy J. Wolf
✓Robert L. Carter
✓Martin L. Daesch
✓Jesse B. Rochman

3942109\1                                    4



**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

FILED

DEC 1 7 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

GENERAL CREDIT ACCEPTANCE
COMPANY, LLC

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

## <u>CERTIFICATE OF MAILING</u>

The undersigned hereby certifies that a copy of Counterclaimant's Response to Counterclaim-Defendant's First Request for Admissions Directed to Counterclaimant was mailed, postage prepaid, this <u>14th</u> day of <u>December,</u> 2012, to:

SANDBERG PHOENIX & von GONTARD P.C.

By: _____

Martin L. Daesch #40494
Jesse B. Rochman, #60712
600 Washington Avenue – 15th Floor
St. Louis, MO 63101
(314) 231-3332
(314) 241-7604 Facsimile
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Counterclaimant David Deaver*

3941803\1

In the
# CIRCUIT COURT
of St. Louis County, Missouri

General Credit Acceptance
Plaintiff(s)

vs.

Deaver
Defendant(s)

Date 12-14-12

Case Number 11SL-AC28887-01

Division 42

For File Stamp Only

**FILED**

DEC 1 4 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## ORDER

Deaver's Motion to keep case is called, heard and DENIED.

GCAC's Motion for Protective Order was called, heard and is taken under submission.

GCAC's Objections to Deaver's discovery requests and shall be heard in future following ruling on GCA's Motion for Protective Order.

**SO ORDERED**

Attorney: Atty fr GCAC       #53099   Bar No.
Address: 314-242-5350
Phone No.                              Fax No.

Judge

**ENTERED:** 12/14/12
(Date)

Attorney: Atty for Deaver      #60712  Bar No.
Address:
Phone No. 314-231-3332        Fax No.

CCOPR47   Rev. 5/95

12-14

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

12 DEC -5 PM 5: 18

JUAN M. GILMER
CIRCUIT CLERK

GENERAL CREDIT ACCEPTANCE )
COMPANY, LLC, )
)
      **Counterclaim Defendant,** )
)
v. )
)
DAVID DEAVER, )
)
      **Counterclaimant.** )

Case No. 11SL-AC28887

Division: 42M

### <u>CERTIFICATE OF MAILING</u> ✓

The undersigned certifies that a true and correct copy of Defendant General Credit

Acceptance Company, LLC's First Request for Admissions directed to Plaintiff David Deaver

were sent via U.S. Mail, postage prepaid this 4th day of December, 2012 to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Ron Miller
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314.726.1400
314.726.1406 (fax)
wwhealen@millersteeno.com
rmiller@millersteeno.com
*Attorneys for Plaintiff GCAC*

BROWN & JAMES, P.C.

*Robert L Carter*

Russell F. Watters,     #25758
Timothy J. Wolf,        ##53099
Robert L. Carter,       #31699
800 Market Street, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

RECEIVED & FILED
CIRCUIT COURT OF
ST. LOUIS COUNTY

12 NOV 28 PM 5: 36

JOAN M. GILMER
CIRCUIT CLERK

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

GENERAL CREDIT ACCEPTANCE )
COMPANY, LLC, )
)
     Counterclaim-Defendant. )
)
     Cause No.: 11SL-AC28887
vs. )
)
     Division 42M
DAVID DEAVER, )
)
     Counterclaimant. )

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned will call for hearing its Motion for Protective Order at 9:00 a.m. or as soon thereafter as counsel may be heard on December 14, 2012 in the Circuit Court of St. Louis County, Division 42, at which time Counterclaimant or Counterclaimant's attorney may be present to be heard.

BROWN & JAMES, P.C.

Russell F. Watters,  #25758
Timothy J. Wolf,  ##53099
Robert L. Carter,  #31699
800 Market, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S.

Mail, postage prepaid, this 28th day of November, 2012, to:.

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
*Attorneys for Plaintiff GCAC*

*10928001*

FILED

NOV 2 7 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

GENERAL CREDIT ACCEPTANCE COMPANY,

    Counterclaim-Defendant,

v.

DAVID DEAVER,

    Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned will call for hearing its Motion to Take the Case at 9:00 a.m. or as soon thereafter as counsel may be heard on December 14, 2012 in the Circuit Court of St. Louis County, Division 42, at which time Counterclaim-Defendant or Counterclaim-Defendant's attorney may be present to be heard.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____

Martin L. Daesch #40494
Jesse B. Rochman, #60712
600 Washington Avenue – 15th Floor
St. Louis, MO 63101
(314) 231-3332
(314) 241-7604 Facsimile
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Counterclaimant David Deaver*

3900489\1

## Certificate of Service

The undersigned certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this 20th day of November, 2012, to the following counsel of record:

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
*Attorneys for Plaintiff/Counterclaim-Defendant*
*General Credit Acceptance Company*

**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

**FILED**

NOV 2 7 2012

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

GENERAL CREDIT ACCEPTANCE COMPANY,

     Counterclaim-Defendant,

v.

DAVID DEAVER,

     Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Motion to Take the Case

Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard PC, moves this Court to take the case upon rotation to a new docket:

1. On August 8, 2011, GCAC originally brought its claim for a deficiency judgment against Deaver in Associate Circuit Court, which was assigned to the Honorable Sandra Farragut-Hemphill.

2. On January 27, 2012, Deaver brought a consumer class action against GCAC, and its predecessors or successors, seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by GCAC with respect to the repossession of consumer goods.

3. On May 7, 2012, this case was certified to circuit court and was again assigned to the Honorable Sandra Farragut-Hemphill.

4. The Court informed the parties that the Honorable Sandra Farragut-Hemphill will be rotating to a different docket on or around January 1, 2013, at which time this case will be re-assigned to a new judge.

5. The Court has met with and heard arguments from the parties on multiple occasions and has made significant rulings in this case.

3898445\1

6.      Given the complexity of this case and the Court's familiarity with the same, the interests of judicial economy, convenience, fairness and comity are best served if the Honorable Sandra Farragut-Hemphill takes the case with her after rotating to her new docket.

7.      No parties would be prejudiced by granting of this motion.

WHEREFORE, Deaver respectfully requests this Court enter an order directing this case remain with the Honorable Sandra Farragut-Hemphill upon her transfer to her new docket, and for all other relief just and proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By:  _____
Martin L. Daesch #40494
Jesse B. Rochman, #60712
600 Washington Avenue – 15th Floor
St. Louis, MO  63101
(314) 231-3332
(314) 241-7604 Facsimile
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Counterclaimant David Deaver*

## Certificate of Service

The undersigned certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this  20th day of November, 2012, to the following counsel of record:

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
*Attorneys for Plaintiff/Counterclaim-Defendant*
*General Credit Acceptance Company*

_____

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
## 21st JUDICIAL CIRCUIT

General Credit Acceptance Company,   )
                                       Plaintiff   )

vs   )

David Deaver,   )

                                Defendants   )

November 19, 2012

Cause No.  11SL-28887-01

Division 42

| For File Stamp Only |
| --- |
| **FILED** |
| NOV 1 9 2012 |
| JOAN M. GILMER |
| CIRCUIT CLERK, ST. LOUIS COUNTY |

## Order

    This cause came before the court on Defendant's Motion to Strike or in the Alternative For Leave For An Extension of Time to respond to Plaintiff's Motion for Summary Judgment filed on October 3, 2012. The court held a settlement conference with counsel on September 19, 2012 and discussed the parameters of a scheduling Order. The court advised the parties of its preferences with respect to the phases of discovery.  The parties were to consult and submit a proposed scheduling order on or before October 9, 2012. On October 3, 2012 GCAC filed a Motion for Summary Judgment.

    On October 15, 2012 defendant filed a memorandum advising the court that GCAC had not suggested or requested any revisions to the proposed scheduling order. Defendant, on the same date, filed the Proposed Scheduling Order. On October 17, 2012 GCAC filed an alternative proposed scheduling order.

    On October 17, 2012 the Scheduling and Discovery Order submitted by Defendant was entered by the court. The court finds that the Motion for Summary Judgment filed by GCAC was premature considering the courts discussions with counsel regarding the parameters of discovery.

1

The court denies the motion of Defendant to strike GCAC's Motion for Summary Judgment. The court grants the motion of Defendant for an extension of time to respond. The response of Defendant to GCAC'S Motion for Summary Judgment shall be filed within the time frame set forth in the October 17, 2012 Scheduling and Discovery Order regarding responses to dispositive motions.

This cause shall remain on the court's motion docket of December 14, 2012 at 9:00 a.m.

**SO ORDERED:**

_Hemphill_ 11/19/12

Sandra Farragut-Hemphill, Judge
Div. 42

cc: Attorneys of Record

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

      Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

      Defendant/Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

**FILED**

NOV **1 9** 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

### Amended Scheduling and Discovery Order

The Court hereby enters the following scheduling and discovery order:

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant' objections to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | October 18, 2012 |
| Counterclaim-Defendant' answers and responses to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | November 28, 2012 |
| Counterclaimant's deposition | January 26, 2013 |
| Counterclaim-Defendant's deposition | February 27, 2013 |
|  |  |

3781424\1

| | |
|---|---|
| Counterclaimant's Motion for Class Certification and Memorandum in Support | January 14, 2013 |
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | February 19, 2013 |
| Counterclaimant's Reply Memorandum, if any | February 27, 2013 |
| Class Certification hearing | 30 days after briefing on Class Certification is completed |
| All dispositive motions, if any | 45 days after the Court's ruling on Class Certification |
| Responses, replies and sur-replies to dispositive motions, if any | As provided for in the Missouri Rules of Civil Procedure with the time commencing January 14, 2013 |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief allowed for said dispositive motion under the Missouri Rules of Civil Procedure |
| Status conference | |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent and with prior court approval any of the scheduled dates.

**SO ORDERED**

_Signature_

Judge Sandra Farragut-Hemphill, Division 42

DATE: 11/19/12

cc: Attorneys of Record

3781424\1                                    2

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

DAVID DEAVER,                          )
                                       )
    Counterclaimant,                )
                                       )
    v.                              )   Case No. 11SL-AC38887
                                       )   Division: 42M
GENERAL CREDIT ACCEPTANCE              )
COMPANY, LLC,                          )
                                       )
    Counterdefendant.               )

**FILED**

NOV 1 3 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S ("GCAC")
## MOTION FOR PROTECTIVE ORDER

Pursuant to Missouri Supreme Court Rule 56.01(c), GCAC moves this Court for a Protective Order on the following grounds:

The overly broad discovery sought by Plaintiff seeks at least fifteen to twenty documents from approximately 12,000 files. The scope of discovery far exceeds the single transaction document which is the sole factual basis of Deaver's Petition. Deaver's Petition is based solely on alleged errors in GCAC's "Notice of Our Plan to Sell Property." Since GCAC's Summary Judgment Motion establishes that there were absolutely no deficiencies in the "Notice of Our Plan to Sell Property" it sent to Deaver, the discovery sought here is a pure fishing expedition which will cost GCAC easily in excess of $75,000 - $100,000. Compliance will require GCAC to hire and train new employees, for the sole purpose of finding some document in 12,000 files that may provide Deaver with a basis to assert claim against GCAC. This discovery expenditure will not only significantly impact GCAC, but could very well affect its continued viability.

What makes this "fishing expedition" so patently improper, is that Deaver is unwilling to show this Court that he, individually, has a cause of action against GCAC. Instead, Deaver wants GCAC to fish through seven and a half years of GCAC's records in the hopes of finding a

single customer who has, or may have had, an arguable claim of some unknown type.  Allowing massive discovery before Deaver can show that he has a case is "backwards" and literally puts the cart before the horse.

Here, GCAC did not send Deaver a deficient "Notice of Our Plan to Sell Property." Nevertheless, Deaver wants GCAC to be economically harmed by answering overly broad and oppressive discovery so that Plaintiff can find out if even one other customer, over the last seven and half years, received some kind of document that was deficient under some aspect of Missouri or Illinois law.  This "discovery first and come up with a case later" approach, violates GCAC's basic Constitutional Rights.  Due process requires there exist a case and controversy to endow this Court with subject matter jurisdiction.  If there is no case and controversy between a Plaintiff and the Defendant subject matter jurisdiction is lacking and this Court is without power to even Order discovery to proceed.  See, e.g., *State ex rel Mathewson v. Board of Election* Com'rs, 841 S.W.2d 633, 635 (Mo. Banc 1992); Mo. Const. Art. V, § 14.  It is important to note that it matters not that this is a prospective class action, because, until class certification, there is no class and this is merely a suit between a single Plaintiff and Defendant.  See, e.g., *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998).

## ALMOST ALL THE DISCOVERY SOUGHT HAS NOTHING TO DO WITH DEAVER'S CLAIM

It is axiomatic that pre-certification discovery, if allowed at this stage, should be focused on trying to find information that would provide a possible factual basis for Deaver to argue that others share the same claim as he has against GCAC.  Deaver's theory of liability in this case is narrow.  Deaver alleges that he suspects that GCAC, following a default and the repossession of collateral in a motor vehicle sale, sent to Deaver a "Notice of Our Plan to Sell Property" that violated the UCC.  GCAC did not do this.  Deaver's claim is not viable.

Simple logic would dictate that to determine if Deaver has a common and typical case of liability, which is the prerequisite to certify a class, or to determine if Deaver even has a case, the scope of Deaver's discovery should be directed towards, and limited to, discovery of a specific document in GCAC's files:  GCAC's Notices of Our Plan to Sell Property.  This reasonable limitation on the scope of pre-certification discovery would give Deaver information of whether or not his claim against GCAC is unique, or is common and typical of claims that could exist, as regards the Pre-Sale Notice.

Instead of taking this narrow approach, Deaver is trying to intentionally hurt GCAC economically by requiring a manual review of 12,000 open files, and closed files in storage, and the production of up to 20 to 30 documents in those files.  An effort that will cost GCAC in excess of $75,000.  Of even greater significance, almost all documents sought are unrelated to the Notice of Our Plan to Sell Property.

It is exactly this type of situation that Missouri Supreme Court Rule 56.01(c) was intended to address.  The purpose of this Rule is to protect a party from annoyance, oppression, undue burden and expense.  The overbroad discovery sought by Plaintiff here will easily cost GCAC in excess of $75,000, which could put it in jeopardy as a viable entity, and would require hiring additional employees and incur significant attorney fees.  Pure and simple it constitutes a fishing expedition to find some other possible litigant who may have a claim on some unknown theory against GCAC.

## DEAVER'S DISCOVERY IS OPPRESSIVE, UNDULY EXPENSIVE AND NOT LIMITED TO THE CERTIFICATION ISSUE

Deaver served lengthy Interrogatories and a Request for Production.  Making no effort to strike a balance between the burden and expense of discovery, and its likely benefit, and showing not even a passing concern for avoidance of excessive expense and the disruption of GCAC's

normal business activities, Deaver served this broad unnecessary and harassing discovery apparently with the hope and prayer to find something to support some argument that he or somebody else has a cause of action against GCAC.

In sharp contrast, Plaintiff seeks discovery encompassing the entire time GCAC has been in business and goes way beyond GCAC's Pre-Sale Notices.  A perusal of the discovery served by Deaver provides overwhelming indicia of a legally improper "fishing expedition." For example, Plaintiff wants GCAC to respond to a request for production and to interrogatories:

- which identify every debtor or secondary obligor where there was a default specifying a description of the collateral for each transaction, the annual percentage rate or amount financed and the total payments for all loans, the method for disposition, the amount of proceeds form the disposition and the amount of claimed deficiency after reach disposition;

- which identify each debtor or secondary obligor against whom Defendant filed a deficiency action;'

- which identify each person named in an action arising from a default;

- which, for each deficiency action brought by Plaintiff, identifies the "case name," "the case numbers," "the county and state where the case was filed," "the contact information for the attorneys involved in the case," and "disposition of the case."

- which identify each debtor secondary obligor and owner related to any collateral for which Defendant applied for a certificate of ownership from the Director of Revenue;

4

- which identify each person who was sent a notice pursuant to § 400.9-616, or substantially similar provisions, explaining the disposition of collateral (again a provision not at issue in the Counterclaim); and

- which identify persons with knowledge of GCAC's policies and procedures with respect to reporting information to consumer reporting agencies.

Revealing his intent to impose an unreasonable burden on GCAC, Deaver devotes a multitude of interrogatories unrelated to the issue upon which he seeks certification. For example, Deaver devotes five interrogatories (25 if subparts are counted) to deficiency lawsuits. Another example is the five interrogatories (25 including subparts) devoted to explanations and calculations in post-sale notices. Other examples of fishing in search of a cause of action is exemplified by interrogatories devoted to "defaults," "credit reporting," and "identification of credit customers."

In an effort worthy of an archeologist, Deaver attempts to explore each and every aspect of GAC's business – including its proprietary business model – to unearth some basis for somebody to state a cause of action against GCAC. Such action violates GCAC's rights.

## CONCLUSION

Plaintiff Deaver must show that he, individually, has a cause of action against GCAC to overcome summary judgment. Nothing in the discovery sought will provide essential information showing Deaver has a case and controversy against GCAC. Without a viable claim, there is no case and controversy before the Court, and the Court has no subject matter jurisdiction. The Court, therefore, cannot Order discovery without the existence of a case.

Considerations of avoiding undue burden and penalizing expense, harassment and oppression as well as concerns for due process, and the injustice of imposing an unreasonable

cost of overly broad discovery upon GCAC where the claim being asserted is of highly questionable viability clearly mandates close judicial scrutiny and imposition of a reasonable limitation on the scope and method of discovery.

Further, given that Deaver knows that Pre-Sale Notice document is the sole document at issue and that almost all of the Pre-Sale Notices during the entire class period were prepared by a single individual – Matt Means – Plaintiff refuses to charter a course of reasonable and narrow discovery to determine if any claim arising out of GCAC's Pre-Sale Notices even exists by deposing Means.  This is indicia of improper motive.  The course plotted by Deaver is to inflict the maximum economic damage on Defendant – at least $75,000 - irrespective of whether a viable claim emanating from GCAC's Pre-Sale Notice to Deaver even exists.  Accordingly, a Protective Order strictly limiting discovery to Pre-Sale Notices is warranted, if any discovery is allowed at this time.

BROWN & JAMES, P.C.

Timothy J. Wolf,        ##53099
Robert L. Carter,       #31699
800 Market Street, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, this 12th day of November, 2012, to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314-446-3300
314-726-1406 (fax)
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

10907113



## In the
# CIRCUIT COURT
## of St. Louis County, Missouri

General Acceptance Corp _____
**Plaintiff(s)**

vs.

Deaver _____
**Defendant(s)**

November 13, 2012 _____
**Date**

HSL-AC 2888?.01 _____
**Case Number**

42 _____
**Division**

**FILED**

NOV 13 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

### Order

Defendants Motion to Strike or in the Alternative for Leave for an Extension of Time to Respond to Plaintiffs Motion for Summary Judgment heard and submitted.

GCAC's Motion for Protective Order and Objections to Interrogatories and Request for Production of Documents is set for hearing on December 14, 2012 at 9:00 A.m. Said motion hearing subject to GCAC's Counsel trial setting on Shechan Lkrise v. Wentz Foundation in Franklin County.

**SO ORDERED**

_____ _____
**Judge**

**ENTERED:** 11/13/12 _____
(Date)

CCOPR47  Rev. 5/95

_____ 704 94
**Attorney** **Bar No.**

714 231 7332 _____
**Address**

_____ _____
**Phone No.** **Fax No.**

_____ 53099
**Attorney** **Bar No.**

Atty for GCAC _____
**Address**

314-242-5350 _____
**Phone No.** **Fax No.**

TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI



**FILED**

NOV 1 3 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

DAVID DEAVER,                    )
                                 )
    Counterclaimant,             )
                                 )
v.                               )   Case No. 11SL-AC28887
                                 )   Division: 42M
GENERAL CREDIT ACCEPTANCE        )
COMPANY, LLC,                    )
                                 )
    Counterdefendant.            )

## AFFIDAVIT OF JOSEPH BURRIS

I, Joseph Burris, after being duly sworn, state:

1.     I have provided controller services for General Credit Acceptance Company, LLC ("GCAC") since 2008.

2.     GCAC has provided in its original production, and in its First Supplemental Production, the entire David Deaver file.  There is no document relating to David Deaver that has not been produced to Deaver in this litigation.

3.     GCAC has been informed that Deaver, in a Second Request for Production and a Second Set of Interrogatories, is seeking the following information from GCAC's files:

- documents which identify every debtor or secondary obligor where there was a default specifying a description of the collateral for each transaction, the annual percentage rate or amount financed and the total payments for all loans, the method for disposition, the amount of proceeds form the disposition and the amount of claimed deficiency after each disposition;

- documents which identify each debtor or secondary obligor against whom GCAC filed a deficiency action;

- documents which identify each person named in an action arising from a default;

- documents which, for each deficiency action brought by GCAC, identifies the "case name," "the case numbers," "the county and state where the case was filed,"

"the contact information for the attorneys involved in the case," and "disposition of the case";

- documents which identify each debtor secondary obligor and owner related to any collateral for which GCAC applied for a certificate of ownership from the Director of Revenue;

- documents which identify each person who was sent a notice pursuant to § 400.9-616, or substantially similar provisions, explaining the disposition of collateral; and

- documents which identify persons with knowledge of GCAC's reporting of information to consumer reporting agencies an the reporting that was done.

4.      The information requested by Deaver does not provide any information with respect to Deaver, only other accounts.

5.      In order to provide the information requested in the second discovery requests, GCAC will have to manually review its files, redact confidential information as required by State and Federal Law, and provide copies of the following documents from each file:

- Retail Installment Contract and Security Agreements;
- Consumer Awareness Checklists;
- Buyer's Orders;
- Repossession information;
- Notices of Our Plan to Sell Property;
- Statement of Sale (of collateral);
- Payment History; and
- Documents reflecting default, failure to cure default and outstanding deficiency and other documents that were the basis for providing information to consumer reporting agencies

6.      To respond to the second discovery requests, GCAC must review approximately 12,000 files (other than David Deaver's file).  During the review, GCAC will need to exclude accounts that have been written off due to bankruptcy discharge, death, time payment settlements, mutual settlements, pay-offs, charge-offs, amendments made to Retail Installment Contracts at the request of the debtor to alter the payment schedule among other items. Confidential consumer information that was provided for the sole purpose of credit approval to

2

purchase a motor vehicle, such as past credit history, social security numbers, personal contact information, wage and salary information, must be redacted to protect privacy concerns and State and Federal law.  Obviously, such a review and redaction needs to be conducted by trained personnel, and under attorney supervision and counsel.

7.     Simple mathematics mandates the conclusion that, if each file only took an hour to review, assuming a 40 hour week, 300 files could be reviewed per week, and it would take 40 weeks – approximately 10 months -- to review files to complete this discovery.

8.     GCAC has less than three employees, so it would be necessary for GCAC to hire and train at least three more employees to try and get the discovery earlier – for example in five months.  In addition, a production manager and a full-time attorney would need to be hired, trained, and dedicated to manage and supervise this production.  Hiring and training new employees, a production manager, and an attorney to conduct this review could easily cost $75,000 to $100,000 over a five month period.

9.     To provide information concerning lawsuits as Deaver requests, GCAC will also need to contact each law firm that has represented it since April, 2005.  GCAC has been represented by many law firms located inside and outside of St. Louis, Missouri.  GCAC expects that those law firms will charge legal fees for time spent reviewing, copying, and advising the appropriate portions of their current files, and their closed files.  Further, closed files are stored at an offsite storage facility and there will well be costs associated with retrieval. Legal fees for this review could easily exceed tens of thousands of dollars.

Further Affiant sayeth not.

_____
Joseph Burris

3

State of Missouri
City of St. Louis

Subscribed and affirm before me this _____ day of November, 2012.

RICHARD J. WOLKOWITZ
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: August 10, 2014
Commission Number: 10925206

Notary Public

My Commission Expires:

8 - 10 - 14

#10905969

4



**TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

NOV 1 8 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

DAVID DEAVER,                          )
                                       )
  Counterclaimant,            )
                                       )
         )   Case No. 11SL-AC28887
v.                                     )   Division:  42M
                                       )
GENERAL CREDIT ACCEPTANCE              )
COMPANY, LLC,                          )
                                       )
  Counterdefendant.           )

## GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S ("GCAC") RESPONSE TO DAVID DEAVER'S REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO GCAC'S SUMMARY JUDGEMENT MOTION

  GCAC, for its Response to Deaver's Motion to Continue the date for his Response to

GCAC's Summary Judgment Motion, states:

### Deaver Has Not, And Cannot, Meet His Burden Under Rule 74.04(f) To Show The Discovery He Seeks Is Material And Essential To The Issue In The Pending Motion For Summary Judgment

  In order to grant a continuance of the response date to a Motion for Summary Judgment,

based on Deaver's assertion that discovery is needed, Deaver must show why the discovery is

material will enable him to prove he, individually, has a claim against GCAC. GCAC's Motion

for Summary Judgment is not directed towards any prospective class. Rather the Motion is

based upon a single fact:  GCAC believes has shown Deaver has no claim against GCAC

because he was not sent, and did not receive, a legally deficient "Notice of Our Plan to Sell

Property."

  GCAC has produced the entire contents of the Deaver file in its original and

supplemental discovery. Nothing is left to discovery with respect to the Deaver transaction. It is

not sufficient to assert that further discovery might enable Deaver to stumble upon some

evidence that may help him sustain his cause of action against GCAC.   See, e.g., *Kemp Construction Company v. Landmark Bancshares Corp.*, 784 S.W.2d 306, 309 (Mo. App. E.D. 1990); *Gay v. Bishop*, 674 S.W.2d 680, 683 (Mo. App. E.D. 1984).  In *Toblers Flowers, Inc. v. Southwestern Bell Telephone Company*, 632 S.W.2d 15, 19 (Mo. App. W.D. 1982), the Court explained that the party seeking a continuance has the burden of showing why the discovery sought is material to the issues in the summary judgment motion.   To obtain a continuance, Deaver must show that "facts essential" to its claim will be found in the discovery it seeks. Mo.S.Ct. Rule 74.04(f).

The fact that Deaver is seeking overly broad discovery, almost all of which has nothing to do with any deficient "Notices of Our Plan to Sell Property," evidences that Deaver is merely "fishing" with a hope and prayer to unearth something that will support his claim against GCAC. That does not, and cannot, meet the requirement to show that uncompleted discovery is material and relates to Deaver's individual claim against GCAC,  *State ex rel Conway v. Villa*, 847 S.W.2d 881, 886 (Mo. App. E.D. 1993).  GCAC has produced every document in Deaver's file, there is nothing left to produce.

Accordingly, Deaver's request to continue his response date must be denied under the requirements of Rule 74.04(f).

## Absent A Case and Controversy Before It This Court Has No Subject Matter Jurisdiction To Order "Class Discovery"

If GCAC's summary judgment motion is well taken then Deaver, individually, has no viable claim against GCAC.  Therefore, there exists no case and controversy before the Court. Absent a case and controversy, the Court will lack subject matter jurisdiction to order class discovery or adjudicate anything.

In the context of a prospective class action, where the class has not been certified, if no viable case and controversy exists between the plaintiff and defendant, the Court will lack subject matter jurisdiction and cannot proceed with class discovery as a matter of law. See, e.g., *Walters v. Edgar*, 163 F.2d 430, 432 (7th Cir. 1998); *Nelson v. Murphy*, 44 F.3d 497, 500 (7th Cir. 1995); *Lugardi v. Xerox Corp.*, 975 F.2d 965, 974-75 (3rd Cir. 1992). Since the federal class action rule is identical to Missouri's Rule, federal cases are authoritative. *Union Planters Bank, N.A. v. Kenrick*, 142 S.W.3d 729, 735 n.5 (Mo. Banc 2004).

While the Missouri Constitution lacks a "case and controversy" provision, the case and controversy requirement is nevertheless well established under Missouri case law. *State ex rel State Board of Mediation v. Pigg*, 244 S.W.2d 75, 79 (Mo. 1951); *Mo. Reliance for Retired Americans v. Dep.t of Labor and Industrial Relations*, 227 S.W.3d 670, 681 (Mo. Banc 2009). Appellate courts and circuit courts lack authority to render advisory opinions about anything that is not part of a live case and controversy. *Riverside-Quindaro Bend Levee Dist. v. Mo. American Water Co.*, 117 S.W.3d 140, 153 (Mo. App. 2003); *State ex rel Mathewson v. Board of Election Com'rs of St. Louis County*, 841 S.W.2d 633, 635 (Mo. Banc 1992). Article V, Section 13 gives circuit court jurisdiction over all "cases and matters." Mo. Const. Art. V, § 14. There has never been any indication that the additional word "matters" would authorize anything other than a true case or controversy between the parties in order to give the circuit court subject matter jurisdiction. Id; *Mo. Alliance*, 277 S.W.3d at 681.

Until the Court determines its subject matter jurisdiction, by ruling on GCAC's summary judgment motion it cannot impose expensive class discovery upon GCAC.

BROWN & JAMES, P.C.

*Robert J. Carter*

Timothy J. Wolf,      ##53099
Robert L. Carter,      #31699
800 Market Street, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 -- FAX
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via e-mail and U.S. Mail, postage prepaid, this 12th day of November, 2012, to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314-446-3300
314-726-1406 (fax)
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

10908467

*Robert L. Carter*

4

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

**FILED**

NOV 0 8 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

GENERAL CREDIT ACCEPTANCE )
COMPANY )
)
Plaintiff, )
)
v. )   Cause No. 11SL-AC28887
)
DAVID DEAVER, )   Division No. 42
)
Defendant. )

## AMENDED NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned will call for hearing its Motion to Strike

GCAC Motion for Summary Judgment, or Alternatively, Motion for Extension of Time to

Respond to GCAC's Motion for Summary Judgment at 1:30 p.m. in Division 42 or as soon

thereafter as counsel may be heard on November 13, 2012 in the St. Louis County Circuit Court

at which time plaintiff or plaintiff's attorney may be present to be heard.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____
Jesse B. Rochman #60712
Martin L. Daesch #40494
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
jrochman@sandbergphoenix.com
mdaesch@sandbergphoenix.com
Attorneys for Defendant David Deaver

3869354\1

## Certificate of Service

The undersigned certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this 6th day of November, 2012, to the following counsel of record:

Mr. William Francis Whealen, Jr.
Miller & Steeno P.C.
11970 Borman Drive, Suite 250
St. Louis, MO 63146

Attorney for General Credit Acceptance Company

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501

Attorney for Counterclaim-Defendant GCAC

**TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

GENERAL CREDIT ACCEPTANCE COMPANY,

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Motion to Strike GCAC's Motion for Summary Judgment, or Alternatively, Motion for Extension of Time to Respond to GCAC's Motion for Summary Judgment

Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard PC, moves this Court to strike General Credit Acceptance Company's ("GCAC") motion for summary judgment, or alternatively, for an extension of time to respond to GCAC's motion for summary judgment:

1.      On January 27, 2012, Deaver brought a consumer class action against GCAC, and its predecessors or successors, seeking relief to redress an unlawful and deceptive pattern of wrongdoing followed by GCAC with respect to the repossession of consumer goods.

2.      On September 18, 2012, the parties appeared by counsel for a settlement conference.

3.      At the settlement conference, GCAC requested class action discovery be stayed pending ruling on a motion for summary judgment it was prepared to file.

4.      At the settlement conference, Deaver requested class action discovery be completed before he was required to respond or otherwise address any dispositive motions filed by GCAC, including its intended motion for summary judgment.

5.     At the settlement conference, the Court ruled in favor of Deaver and instructed the parties to submit a proposed scheduling order consistent with the Court's ruling, on or before October 9, 2012.

6.     On September 28, 2012, Deaver's attorneys e-mailed General Credit Acceptance Company's ("GCAC") attorneys a proposed scheduling order.

7.     On October 3, 2012, GCAC filed its motion for summary judgment.

8.     By October 12, 2012, GCAC had not requested or suggested any revisions to the proposed scheduling order despite several calls and e-mails with GCAC's attorneys asking for approval of the same.

9.     On October 12, 2012, Deaver filed its proposed scheduling order, which was consistent with the Court's ruling at the settlement conference.

10.     On or about October 17, 2012, GCAC submitted an alternative scheduling order, which was inconsistent with the Court's ruling at the settlement conference because it stayed class discovery until after a ruling on its motion for summary judgment.

11.     On October 17, 2012, the Court rejected GCAC's alternative scheduling order and entered its Scheduling and Discovery Order, which provides that a response to GCAC's motion for summary judgment is due no sooner than February 13, 2013.

12.     Prior to the Court's Scheduling and Discovery Order, Deaver's response to GCAC's motion for summary judgment was due November 5, 2012.

13.     In light of the Scheduling and Discovery Order, GCAC's motion for summary judgment is premature and should be stricken.

14.     Alternatively, pursuant to Rule 44.01(b), Deaver requests the Court enlarge the period of time to respond to GCAC's motion for summary judgment, consistent with the Scheduling and Discovery Order, from 33 days to 133 days (i.e., February 13, 2013).

WHEREFORE, Deaver respectfully requests this Court enter an order striking GCAC's motion for summary judgment, or alternatively, enlarging the time for Deaver to respond to GCAC's motion for summary judgment from 33 days to 133 days (i.e., February 13, 2013), and for all other relief just and proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____

Martin L. Daesch #40494
Jesse B. Rochman, #60712
600 Washington Avenue – 15th Floor
St. Louis, MO  63101
(314) 231-3332
(314) 241-7604 Facsimile
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Counterclaimant David Deaver*

## Certificate of Service

The undersigned certifies that a copy of the foregoing was mailed on October 30, 2012, to the following counsel of record:

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
*Attorneys for Plaintiff/Counterclaim-Defendant*
*General Credit Acceptance Company*

_____

3852271\1                           3

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| *GENERAL CREDIT ACCEPTANCE COMPANY* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 11SL-AC28887 |
| | ) | |
| *DAVID DEAVER,* | ) | Division No. 42 |
| | ) | |
| Defendant. | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned will call for hearing its Motion to Strike GCAC Motion for Summary Judgment, or Alternatively, Motion for Extension of Time to Respond to GCAC's Motion for Summary Judgment at 10:00 a.m. in Division 42 or as soon thereafter as counsel may be heard on November 13, 2012 in the St. Louis County Circuit Court at which time plaintiff or plaintiff's attorney may be present to be heard.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____
Jesse B. Rochman #60712
Martin L. Daesch #40494
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
jrochman@sandbergphoenix.com
mdaesch@sandbergphoenix.com
Attorneys for Defendant David Deaver

3855011\1

## Certificate of Service

The undersigned certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this 30th day of October, 2012, to the following counsel of record:

Mr. William Francis Whealen, Jr.
Miller & Steeno P.C.
11970 Borman Drive, Suite 250
St. Louis, MO 63146

Attorney for General Credit Acceptance Company

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501

Attorney for Counterclaim-Defendant GCAC

3855011\1

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE )
COMPANY, LLC., )
)
    Plaintiff/Counterclaim-Defendant. )
)     Cause No.: 11SL-AC28887
vs. )
)     Division 42M
DAVID DEAVER, )
)     JURY TRIAL DEMANDED
    Defendant/Counterclaimant. )

### CERTIFICATE OF SERVICE

The undersigned certifies that Plaintiff/Counterclaim-Defendant GCAC's Objections to David Deaver's Second Set of Interrogatories Directed to General Credit Acceptance Company and Plaintiff/Counterclaim-Defendant GCAC's Objections to Deaver's Second Requests for Production Directed to General Credit Acceptance Company were sent, via e-mail in Word format and by mailing same, postage pre-paid, via U.S. Mail to the following attorneys of record this 19th day of October, 2012: Martin L. Daesch, Sandberg Phoenix & von Gontard PC, 600 Washington Avenue, 15th Floor, St. Louis, Missouri 63101, mdaesch@sandbergphoenix.com, *Attorneys for Defendant/Counterclaimant.*

                BROWN & JAMES, P.C.

                Russell F. Watters,   #25758
                Timothy J. Wolf,    ##53099
                Robert L. Carter,    #31699
                1010 Market Street, 20th Floor
                St. Louis, Missouri 63101-2000
                314-421-3400; 314-421-3128 – FAX
                rwatters@bjpc.com
                twolf@bjpc.com
                rcarter@bjpc.com
                *Attorneys for Plaintiff/Counterclaim*
                  *Defendant GCAC*

#10877178

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

2012 OCT 17  PM 4: 29

DAVID DEAVER,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀**Plaintiff/Counterclaimant,**⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀**Case No. 11SL-AC28887**
**v.**⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀**Division:  42**
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
**GENERAL CREDIT ACCEPTANCE**⠀)
**COMPANY, LLC,**⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀**Defendant/Counterdefendant.**⠀)

### PROPOSED SCHEDULING AND DISCOVERY ORDER

The Court enters the following Scheduling and Discovery Order:

Since the last scheduling conference, Counterdefendant GCAC has filed a Motion for
Summary Judgment on the basis that Counterclaimant Deaver has no viable claim against GCAC
as a matter of law.  Until class certification, there is no class action, merely the prospect of one.
Thus, the subject matter jurisdiction of this Court is dependent upon the existence of a case and
controversy based on the claim of the Counterclaimant Deaver against Counterdefendant GCAC.

If GCAC's summary judgment is well taken, there is no case and controversy and this
Court lacks subject matter jurisdiction and cannot proceed with class discovery as a matter of
law.  *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998); *Nelson v. Murphy*, 44 F.3d 497, 500
(7th Cir. 1995); *Lugardi v. Xerox Corp.*, 975 F.2d 965, 974-75 (3rd Cir. 1992).  Since the federal
class action rule is identical to Missouri's rule, federal cases are an appropriate source of
authority.  *Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 n.5 (Mo. Banc 2004);
*Koehr v. Emmons*, 55 S.W.2d 859, 864 n.7 (Mo.App. E.D. 2001).

Since the pending Motion for Summary Judgment must be considered, the following
Scheduling Order is entered:

| Event | Deadline |
|---|---|
| Counterclaimant Deaver's Response to Counterdefendant's Motion for Summary Judgment | November 5, 2012 |
| Counterdefendants GCAC Reply in Support of Summary Judgment | November 20, 2012 |

## FURTHER SCHEDULE APPLICABLE IF COUNTERDEFENDANT GCAC'S SUMMERY JUDGMENT MOTION IS DENIED

| Event | Deadline |
|---|---|
| Counterdefendant GCAC's Objections to Deaver's Second Set of Discovery and GCAC's Motion for Protective Order | 30 days after denial of GCAC's Motion for Summary Judgment |
| Counterdefendant GCAC may serve written discovery on Counterclaimant Deaver | 30 days after denial of GCAC's Motion for Summary Judgment |
| Counterdefendant GCAC Answers and Responses to Deaver's Second Set of Discovery | 30 days after Court ruling on GCAC's Objections to Discovery and Request for Protective Order |
| Counterclaimant Deaver's Response to Written Discovery | 30 days after Court rule on any Objections to Discovery or Motion for Protective Order filed by Deaver |
| Counterclaimant Deaver's Deposition | 30 days after Deaver's answers to written discovery |
| Counterdefendant GCAC's Deposition | 30 days after Deaver's deposition |
| Counterclaimant Deaver's Motion for Class Certification and Memorandum in Support | 30 days after Counterdefendant GCAC's deposition |
| Counterdefendant GCAC Memorandum in Opposition to Class Certification | 30 days after Counterclaimant Deaver's Motion filed |
| Counterclaimant's Reply Memorandum | 15 days after Counterdefendant GCAC's Response in Opposition filed |

| Hearing on Class Certification to be set by Court | Court sets Hearing Date |
|---|---|

The parties will enter a new scheduling order, if necessary, after a class is certified.

SO ORDERED:

Date:_____

_____
Judge Sandra Farragat-Hemphill
Division 42

10872564

# BROWN&JAMES P.C.
### LAW FIRM

www.brownjames.com

2012 OCT 17 PM 4: 28

Timothy J. Wolf
Direct: 314-242-5350
Fax: 314-242-5550
twolf@bjpc.com

800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
Phone: (314) 421-3400

October 17, 2012

**VIA HAND DELIVERY**

Honorable Sandra Farragat-Hemphill
Associate Circuit Judge
Division 42
Courts Building
7900 Carondelet
Clayton, MO 63105

In re:   General Credit Acceptance Company, LLC, Counterclaim Defendant ("GCAC") v.
David Deaver, Counterclaimant
Cause No. 11-SL-AC28887-01, Div. 42
Our File No. 6205-56235

Dear Judge Farragat-Hemphill:

We respectfully object to Counterclaimant's proposed Scheduling Order for the following reasons:

1.      Under rule 74.04(a) "at any time a party against whom a claim counterclaim, or cross-claim is asserted…may move for summary judgment as to all or any part of the pending issues." On October 3, 2012, Counterdefendant GCAC filed a Motion for Summary Judgment in compliance with the requirements of Rule 74.04 on the grounds that Counterclaimant Deaver has no cause of action as a matter of law against Counterdefendant GCAC.  Deaver's scheduling order does not ever address the Summary Judgment Motion pending before the Court.

Until certification, there is no class action, merely the prospect of one.  The only action that exists is the suit between the named Counterclaimant Deaver and Counterdefendant GCAC.  If Counterclaimant Deaver has no cause of action against Counterdefendant, there is no case and controversy, and the Court has no subject matter jurisdiction and cannot proceed with this matter. *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998); *Nelson v. Murphy*, 44 F.3d 498, 500 (7th Cir. 1995); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974-75 (3d Cir. 1992).  Because the federal class action rule and Missouri's rule are identical, the Court can consider federal interpretations of the class action rule as authoritative.  *Union Planters Bank N.A. v. Kendrick*, 142 S.W.3d 729, 735 n.5 (Mo. banc 2004); *Koehr v. Emmons,* 55 S.W.2d 859, 864 n.7 (Mo.App. E.D. 2001).  Conterdefendants proposed Scheduling Order ignores the pending Motion for Summary Judgment and, therefore, is fatally flawed.

RE:  GCAC v. Deaver
October 17, 2012
Page 2


Deaver's proposed Scheduling Order requires Counterdefendants to file objections to Counterclaimants Second Interrogatories and Second Requests for Production on October 18, 2012, despite the fact this Court directed those discovery pleadings would not even be deemed "served" until after a Scheduling Order was entered by this Court.  Pursuant to Rule 57.01 and 58.01 Counterdefendants are entitled to thirty days from the entry of the Scheduling Order – the date of "service" of discovery -- to file objections to Counterclaimant's second interrogatories and second requests for production.  Further, this discovery was not properly served as no electronic copies produced to counsel as required by Rule 57.01(b)(3).  Since the Court has not entered a Scheduling Order, Counterclaimant Deaver is asking for objections before discovery is served.  Thus, the scheduling dates in Counterclaimant Deaver's proposed order are improper.

Accordingly, Counterdefendant GCAC respectfully submit the attached alternative proposed Scheduling Order.

Sincerely,


Timothy J. Wolf

TJW/RLC/slc
Enclosure
cc:     Martin C. Daesch
        Jesse B. Ruchman
        *Attorneys for Counterclaimant Deaver*
10872524

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

DAVID DEAVER,                                        )
                                                     )
    Plaintiff/Counterclaimant,                   )
                                                     )
                                                     )   Case No. 11SL-AC28887
v.                                                   )   Division: 42
                                                     )
GENERAL CREDIT ACCEPTANCE                            )
COMPANY, LLC,                                        )
                                                     )
    Defendant/Counterdefendant.                  )

### MEMORANDUM OF FILING

Counterdefendant General Credit Acceptance Company, LLC ("GCAC"), by and through its attorneys Brown & James, P.C., respectfully submits the Memorandum of Filing:

1.      The parties were unable to reach agreement on a proposed scheduling order.

2.      Counterdefendant GCAC respectfully submits the attached alternative proposed scheduling order.

BROWN & JAMES, P.C.

Russell F. Watters,      #25758
Timothy J. Wolf,         ##53099
Robert L. Carter,        #31699
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

DAVID DEAVER,                              )
                                          )          2012 OCT 17  PM 4: 28
    Plaintiff/Counterclaimant,         )
                                          )
                                          )          Case No. 11SL-AC28887
v.                                        )          Division: 42
                                          )
GENERAL CREDIT ACCEPTANCE                  )
COMPANY, LLC,                             )
                                          )
    Defendant/Counterdefendant.        )

## PROPOSED SCHEDULING AND DISCOVERY ORDER

The Court enters the following Scheduling and Discovery Order:

Since the last scheduling conference, Counterdefendant GCAC has filed a Motion for Summary Judgment on the basis that Counterclaimant Deaver has no viable claim against GCAC as a matter of law. Until class certification, there is no class action, merely the prospect of one. Thus, the subject matter jurisdiction of this Court is dependent upon the existence of a case and controversy based on the claim of the Counterclaimant Deaver against Counterdefendant GCAC.

If GCAC's summary judgment is well taken, there is no case and controversy and this Court lacks subject matter jurisdiction and cannot proceed with class discovery as a matter of law. *Walters v. Edgar*, 163 F.3d 430, 432 (7th Cir. 1998); *Nelson v. Murphy*, 44 F.3d 497, 500 (7th Cir. 1995); *Lugardi v. Xerox Corp.*, 975 F.2d 965, 974-75 (3rd Cir. 1992). Since the federal class action rule is identical to Missouri's rule, federal cases are an appropriate source of authority. *Union Planters Bank, N.A. v. Kendrick*, 142 S.W.3d 729, 735 n.5 (Mo. Banc 2004); *Koehr v. Emmons*, 55 S.W.2d 859, 864 n.7 (Mo.App. E.D. 2001).

Since the pending Motion for Summary Judgment must be considered, the following Scheduling Order is entered:

| Event | Deadline |
|---|---|
| Counterclaimant Deaver's Response to Counterdefendant's Motion for Summary Judgment | November 5, 2012 |
| Counterdefendants GCAC Reply in Support of Summary Judgment | November 20, 2012 |

## FURTHER SCHEDULE APPLICABLE IF COUNTERDEFENDANT GCAC'S SUMMERY JUDGMENT MOTION IS DENIED

| Event | Deadline |
|---|---|
| Counterdefendant GCAC's Objections to Deaver's Second Set of Discovery and GCAC's Motion for Protective Order | 30 days after denial of GCAC's Motion for Summary Judgment |
| Counterdefendant GCAC may serve written discovery on Counterclaimant Deaver | 30 days after denial of GCAC's Motion for Summary Judgment |
| Counterdefendant GCAC Answers and Responses to Deaver's Second Set of Discovery | 30 days after Court ruling on GCAC's Objections to Discovery and Request for Protective Order |
| Counterclaimant Deaver's Response to Written Discovery | 30 days after Court rule on any Objections to Discovery or Motion for Protective Order filed by Deaver |
| Counterclaimant Deaver's Deposition | 30 days after Deaver's answers to written discovery |
| Counterdefendant GCAC's Deposition | 30 days after Deaver's deposition |
| Counterclaimant Deaver's Motion for Class Certification and Memorandum in Support | 30 days after Counterdefendant GCAC's deposition |
| Counterdefendant GCAC Memorandum in Opposition to Class Certification | 30 days after Counterclaimant Deaver's Motion filed |
| Counterclaimant's Reply Memorandum | 15 days after Counterdefendant GCAC's Response in Opposition filed |

| Hearing on Class Certification to be set by Court | Court sets Hearing Date |

The parties will enter a new scheduling order, if necessary, after a class is certified.

SO ORDERED:

Date:_____

_____
Judge Sandra Farragat-Hemphill
Division 42

10872564

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

2012 OCT 17  PM 4: 29

DAVID DEAVER,                                )
                                             )
        Plaintiff/Counterclaimant,           )
                                             )        Case No. 11SL-AC28887
v.                                           )        Division:  42
                                             )
GENERAL CREDIT ACCEPTANCE                    )
COMPANY, LLC,                                )
                                             )
        Defendant/Counterdefendant.          )

## MEMORANDUM OF FILING

Counterdefendant General Credit Acceptance Company, LLC ("GCAC"), by and through

its attorneys Brown & James, P.C., respectfully submits the Memorandum of Filing:

1.       The parties were unable to reach agreement on a proposed scheduling order.

2.       Counterdefendant GCAC respectfully submits the attached alternative proposed

scheduling order.

BROWN & JAMES, P.C.

_____
Russell F. Watters,      #25758
Timothy J. Wolf,         ##53099
Robert L. Carter,        #31699
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant*
*GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, this 17th day of October, 2012, to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

10872614

2

**TWENTY-FIRST JUDICIAL CIRCUIT COURT**
**ST. LOUIS COUNTY, MISSOURI**

**FILED**

OCT 1 7 2012

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

GENERAL CREDIT ACCEPTANCE COMPANY,

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Memorandum of Filing

Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard PC, respectfully submits his memorandum of filing:

1.     The parties were ordered to submit a proposed scheduling order on or before October 9, 2012.

2.     On September 28, 2012, Deaver's attorneys e-mailed General Credit Acceptance Company's ("GCAC") attorneys a proposed scheduling order.

3.     GCAC has not requested or suggested any revisions to the proposed scheduling order.

4.     Therefore, Deaver respectfully submits the proposed scheduling order attached hereto.

                     SANDBERG PHOENIX & von GONTARD P.C.

By: _____

                     Martin L. Daesch #40494
                     Jesse B. Rochman, #60712
                     600 Washington Avenue – 15th Floor
                     St. Louis, MO  63101
                     (314) 231-3332
                     (314) 241-7604 Facsimile
                     mdaesch@sandbergphoenix.com
                     jrochman@sandbergphoenix.com
                     *Attorneys for Counterclaimant David Deaver*

3817344\1

## Certificate of Service

The undersigned certifies that a copy of the foregoing was mailed on October 12, 2012, to the following counsel of record:

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
*Attorneys for Plaintiff/Counterclaim-Defendant*
*General Credit Acceptance Company.*

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

      Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

      Defendant/Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Scheduling and Discovery Order

The Court, with consent of the parties and being fully advised in the premises, enters the following scheduling and discovery order:

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant' objections to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | October 18, 2012 |
| Counterclaim-Defendant' answers and responses to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | November 28, 2012 |
| Counterclaimant's deposition | January 26, 2012 |
| Counterclaim-Defendant's deposition | February 27, 2012 |
| | |

| | |
|---|---|
| Counterclaimant's Motion for Class Certification and Memorandum in Support | January 14, 2012 |
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | February 19, 2012 |
| Counterclaimant's Reply Memorandum, if any | February 27, 2012 |
| Class Certification hearing | 30 days after briefing on Class Certification is completed |
| All dispositive motions, if any | 45 days after the Court's ruling on Class Certification |
| Responses, replies and sur-replies to dispositive motions, if any | As provided for in the Missouri Rules of Civil Procedure with the time commencing January 14, 2012 |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief allowed for said dispositive motion under the Missouri Rules of Civil Procedure |
| Status conference | |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue. A status conference is set for _____.


**SO ORDERED**

_____                    DATE:_____

Judge Sandra Farragut-Hemphill, Division 42


3781424\1                                    2

# TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI



FILED

OCT 17 2012

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

GENERAL CREDIT ACCEPTANCE COMPANY,

    Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

    Defendant/Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

## Scheduling and Discovery Order

The Court, with consent of the parties and being fully advised in the premises, enters the following scheduling and discovery order:

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant' objections to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | October 18, 2012 |
| Counterclaim-Defendant' answers and responses to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | November 28, 2012 |
| Counterclaimant's deposition | January 26, 2012 |
| Counterclaim-Defendant's deposition | February 27, 2012 |
| | |

| | |
|---|---|
| Counterclaimant's Motion for Class Certification and Memorandum in Support | January 14, 2012 |
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | February 19, 2012 |
| Counterclaimant's Reply Memorandum, if any | February 27, 2012 |
| Class Certification hearing | 30 days after briefing on Class Certification is completed |
| All dispositive motions, if any | 45 days after the Court's ruling on Class Certification |
| Responses, replies and sur-replies to dispositive motions, if any | As provided for in the Missouri Rules of Civil Procedure with the time commencing January 14, 2012 |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief allowed for said dispositive motion under the Missouri Rules of Civil Procedure |
| Status conference | April 12, 2013 at 9:00 a.m. |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue. A status conference is set for April 12, 2013 at 9:00 a.m. in Division 38.

**SO ORDERED**

_____
Judge Sandra Farragut-Hemphill, Division 42

DATE: <u>October 17, 2012</u>

cc: Attorneys of Record



**TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI**

GENERAL CREDIT ACCEPTANCE COMPANY,

      Counterclaim-Defendant,

v.

DAVID DEAVER,

      Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Memorandum of Filing

Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard PC, respectfully submits his memorandum of filing:

    1.    The parties were ordered to submit a proposed scheduling order on or before October 9, 2012.

    2.    On September 28, 2012, Deaver's attorneys e-mailed General Credit Acceptance Company's ("GCAC") attorneys a proposed scheduling order.

    3.    GCAC has not requested or suggested any revisions to the proposed scheduling order.

    4.    Therefore, Deaver respectfully submits the proposed scheduling order attached hereto.

               SANDBERG PHOENIX & von GONTARD P.C.

By: _____

Martin L. Daesch #40494
Jesse B. Rochman, #60712
600 Washington Avenue – 15th Floor
St. Louis, MO  63101
(314) 231-3332
(314) 241-7604 Facsimile
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Counterclaimant David Deaver*

3817344\1

## Certificate of Service

The undersigned certifies that a copy of the foregoing was mailed on October 12, 2012, to the following counsel of record:

Russell F. Watters
Timothy J. Wolf
Robert L. Carter
BROWN & JAMES, P. C.
800 Market Street, Suite 1100
St. Louis, MO 63101-2501
*Attorneys for Plaintiff/Counterclaim-Defendant*
*General Credit Acceptance Company*



## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

      Plaintiff/Counterclaim-Defendant,

v.

DAVID DEAVER,

      Defendant/Counterclaimant.

Case No. 11SL-AC28887-01
Division: 42

### Scheduling and Discovery Order

The Court, with consent of the parties and being fully advised in the premises, enters the following scheduling and discovery order:

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Missouri Rule of Civil Procedure 52.08 are satisfied. In order to ensure that a Class Certification decision be issued as soon as practicable, priority shall be given to discovery on class issues. Once Class Certification is decided, the Court may, upon motion of either party, enter a second scheduling and discovery order, if necessary.

| Event | Deadline |
|---|---|
| Counterclaim-Defendant' objections to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | October 18, 2012 |
| Counterclaim-Defendant' answers and responses to Counterclaimant's Second Set of Interrogatories and Second Requests for Production | November 28, 2012 |
| Counterclaimant's deposition | January 26, 2012 |
| Counterclaim-Defendant's deposition | February 27, 2012 |
| | |

3781424\1

| Counterclaimant's Motion for Class Certification and Memorandum in Support | January 14, 2012 |
|---|---|
| Counterclaim-Defendant's Memorandum in Opposition to Class Certification | February 19, 2012 |
| Counterclaimant's Reply Memorandum, if any | February 27, 2012 |
| Class Certification hearing | 30 days after briefing on Class Certification is completed |
| All dispositive motions, if any | 45 days after the Court's ruling on Class Certification |
| Responses, replies and sur-replies to dispositive motions, if any | As provided for in the Missouri Rules of Civil Procedure with the time commencing January 14, 2012 |
| If Class Certification is granted, a hearing on all dispositive motions | 90 days after sending of class notice, but not before class objection period closes |
| If Class Certification is denied, a hearing on all dispositive motions | 7 days after the filing of last brief allowed for said dispositive motion under the Missouri Rules of Civil Procedure |
| Status conference | |

No other briefing shall be filed by the parties with respect to Class Certification without leave of Court. The parties may alter, by written consent, any of the scheduled dates by so informing the Court. Leave of Court is not required unless the matter of consent is placed in issue. A status conference is set for _____.

**SO ORDERED**

_____
Judge Sandra Farragut-Hemphill, Division 42

DATE:_____

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

DAVID DEAVER,                                    )
                                                 )
    Counterclaimant,                          )
                                                 )
v.                                               )     Case No. 11SL-AC28887
                                                 )     Division:  42M
GENERAL CREDIT ACCEPTANCE                         )
COMPANY, LLC,                                     )
                                                 )
    Counterdefendant.                          )

### COUNTERDEFENDANT GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT DIRECTED AGAINST COUNTERCLAIMANT DAVID DEAVER'S COUNTERCLAIM

Counterdefendant General Credit Acceptance Company, LLC ("GCAC"), pursuant to Missouri Rule of Civil Procedure 74.04, moves this Honorable Court for Summary Judgment on Counterclaimant David Deaver's ("Deaver") Counterclaim as a matter of law and undisputed fact.  In support of this Motion, GCAC states:

    1.    In his Counterclaim, David Deaver ("Deaver") brings an action, individually, and also seeking to certify a class action to obtain millions in statutory penalty damages, based on deficiencies in a Pre-Sale Notice of an upcoming sale of repossessed collateral that allegedly violate Article 9 of the Uniform Commercial Code ("UCC").

    2.    Summary judgment is appropriate here because Deaver bases his Counterclaim on a "draft" Pre-Sale Notice containing alleged legal deficiencies based on two typographical errors within the document.  This "draft" Notice was inadvertently disclosed in discovery.  The "draft" was never sent to Deaver.  All typographical errors were corrected before the Pre-Sale Notice was sent to Deaver.  Thus, the basis for Deaver's Counterclaim is nonexistent.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, this 3rd day of October, 2012, to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314-446-3300
314-726-1406 (fax)
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

9998816

TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

DAVID DEAVER,                          )
                                       )
        Counterclaimant,               )
                                       )
                                       )     Case No. 11SL-AC28887
v.                                     )     Division:  42M
                                       )
GENERAL CREDIT ACCEPTANCE              )
COMPANY, LLC,                          )
                                       )
        Counterdefendant.              )

## MEMORANDUM OF LAW IN SUPPORT OF COUNTERDEFENDANT GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S MOTION FOR SUMMARY JUDGMENT

Counterdefendant General Credit Acceptance Company, LLC ("GCAC") moves this Honorable Court for summary judgment on David Deaver's Counterclaim.  In support of this Motion, GCAC submits the following Memorandum of Law:

### I.  INTRODUCTION

In his Counterclaim, David Deaver ("Deaver") brings an action, individually, and also seeking to certify a class action to obtain millions in statutory penalty damages, based on deficiencies in a Pre-Sale Notice of an upcoming sale of repossessed collateral that allegedly violate Article 9 of the Uniform Commercial Code ("UCC").  Summary judgment is appropriate here because Deaver bases his Counterclaim on a "draft" Pre-Sale Notice inadvertently disclosed in discovery but that was never actually sent to him before this lawsuit was instituted.  (Exhibit 1 to this Memorandum).  All alleged deficiencies were cured before the Pre-Sale Notice was actually sent.  Thus, the basis for Deaver's Counterclaim is nonexistent.

In his detailed Affidavit, former GCAC employee Matt Means ("Means") explained the manner in which the "draft" Pre-Sale Notice was prepared, and that it contained two typographical errors which he corrected before he sent the Notice to Deaver.  In December 2006,

Means was employed as Finance Manager for GCAC (¶ 1 of Means Affidavit).  When a buyer of a used vehicle defaulted on their Installment Contract, if the default was not cured, Means would have the vehicle repossessed. (¶¶ 3, 4 and 7 of Means Affidavit).  On the date of repossession or the day following, Means was responsible for preparing and mailing a Notice of Our Plan to Sell Property at a Private Sale to Buyers in default, such as Deaver. (¶ 7 of Means Affidavit).

Although the Pre-Sale Notice is almost completely drafted automatically by GCAC's Auto Star Solution software, Means still had to type in two entries: the "Date of the Repossession" and the "Date of the Sale." (¶ 6 of Means Affidavit).  Means admits that he made two typographical errors when he in-put the date of repossession and the date after which the property would be sold in Deaver's Pre-Sale Notice. (¶ 10 of Means Affidavit).

Fortunately, the Repossession date is known and is reflected in GCAC's transaction file (See GCAC's highlighted File Notes as Exhibit 3 to this Memorandum).  It was December 19, 2006, the same day the Pre-Sale Notice was sent to Deaver (¶¶ 8-12 of Means Affidavit).  By inputting the Date of Repossession as 12/9/06, Means made a typographical error.  A second typographical error occurred when Means in-put the incorrect date on which the collateral would be sold. (¶ 10 of Means Affidavit).

After he printed the Notice, Means caught his errors and corrected them before sending the Notice (¶ 11 of Means Affidavit).  Means sent only the corrected Notice to Deaver. (¶ 12 of Means Affidavit; Exhibit 2 to this Memorandum).  It was GCAC's Policy to stamp Notices sent out on its behalf. (¶ 13 of Means Affidavit).  Pursuant to that policy, Means made a "file" stamped and "copy" stamped duplicate of the Notice sent to Deaver for GCAC's file. (¶ 13 of Means Affidavit).  By mistake, Means also put the Notice with the typos in GCAC's file, even though it was neither sent nor file stamped. (¶ 11 of Means Affidavit).

2

The Notice with the typographical errors was inadvertently and mistakenly produced in discovery to counsel for GCAC in connection with the Petition for Breach of Contract to collect a deficiency judgment against Deaver.  The actual Notice sent was not produced as it was thought to be a duplicate.  However, the Notice has since been provided to Deaver.  Plaintiff used this draft Pre-Sale Notice to construct a Class Action Counterclaim based on the two typographical errors in the draft Pre-Sale Notice that was, in fact, never sent to Deaver.

The annotated file notes (attached to this Memorandum as Exhibit 3), clearly evidence that Deavers S-10 pick-up truck was repossessed on 12/19/06, which establishes the Pre-Sale Notice stating the Repossession Date as 12/09/06 was drafted in error.  As Means explains in detail in his Affidavit and consistent with his practice of carefully examining documents before sending them, Means caught his typographical errors and corrected them, before sending the Pre-Sale Notice to Deaver.  The corrected Pre-Sale Notice (attached as Exhibit 2 to this Memorandum) as explained below, does not, and cannot, provide a basis for a lawsuit against GCAC.

## II. <u>PROCEDURAL HISTORY</u>

This action has a long history.  On June 3, 2006, Deaver entered into a Retail Installment Contract and Security Agreement ("RICSA") with Car Credit City, LLC ("CCC") for the purchase of a 1998 Chevrolet S-10 Pick-Up Truck.  In April, 2007, Deaver defaulted in his payments.  The RICSA was assigned to Car Credit Acceptance Company, LLC ("CCAC") after the sale and, eventually, to General Credit Acceptance Company, LLC ("GCAC"), the Plaintiff-Counterdefendant herein, to handle Deaver's default.

The Chevrolet S-10 was repossessed on December 19, 2006, and a "Notice of Our Plan to Sell Property" was mailed to Deaver the same day.  In November 2006, after the sale was

reconciled with the amount Deaver owed on his account, GCAC brought a contract action to obtain a deficiency judgment, Cause No. 07SL-AC09250, filed in the Associate Division of St. Louis County.  After multiple unsuccessful attempts to effectuate service, GCAC dismissed the action without prejudice on November 7, 2008.

On May 17, 2010, GCAC filed a Second Petition to recover the delinquency amount Deaver owed, again in the Associate Division of St. Louis County, Cause No. 10SL-AC17251. After numerous unsuccessful attempts to effectuate service, GCAC dismissed the case without prejudice on September 15, 2010.

On August 8, 2011, GCAC filed a third lawsuit against Deaver to collect the deficiency in the Associate Division of St. Louis County, Cause No. 11SL-AC28887.  Deaver filed an Answer and Counterclaim and Motions to Dismiss based on the third case being filed beyond the applicable Statute of Limitations and also based on a legally deficient Pre-Sale Notice relating to the repossessed collateral.  On August 20, 2012, GCAC dismissed its Petition to collect the deficiency amount with prejudice, leaving only the Counterclaim to be litigated.

Deaver's Counterclaim is based solely on purported deficiencies in the draft "Notice of Our Plan to Sell Property," which Deaver alleges rendered the Notice "misleading" and "unreasonable" because it is confusing as to the amount of days of notice the Pre-Sale Notice provides before the collateral could be sold.  The draft Pre-Sale Notice with the typographical errors could be interpreted as giving thirteen days notice, which is reasonable.  However, it could also be interpreted as providing only 5 days notice which a trier of fact could find to be unreasonable.  This issue never needs to be addressed because the "draft" Pre-Sale Notice with the two typographical errors was never sent that it was sent.  Even if Deaver could proffer some

4

evidence that it was sent, the typographical errors only applied to Deaver and, therefore, could not support the certification of a class only a single claim by Deaver.[1]

## III. THE STANDARD FOR GRANTING SUMMARY JUDGMENT IS MET HERE.

Under Missouri law, summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to summary judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid-America Marines Supply Corp.*, 854 S.W.2d 371, 377 (Mo. banc 1993). *A prima facie* case for summary judgment can be established by a movant upon a showing that undisputed facts negate anyone of Plaintiff's required elements of proof, or by showing that Plaintiffs have not produced evidence sufficient to allow a trier of act to find the existence of any one of the Plaintiff's required elements of proof. *Id.* at 381.

The substance of the law determines which facts are material. *Martin v. City of Washington*, 848 S.W.2d 487, 491 (Mo. 1993). Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude entry of summary judgment. *Id.* Factual disputes that are irrelevant or unnecessary will not be considered in determining whether summary judgment is appropriate. *Id.* at 491. A motion for summary judgment need no longer rest on unassailable proof, nor is it precluded by the slightest doubt resting on a scintilla of evidence. *Id.* at 492. Where the "genuine issues" of fact raised by a party are merely argumentative, imaginary, not provable by admissible evidence, or frivolous, those assertions can be ignored and summary judgment entered. *ITT Commercial*, 384 S.W.2d at 382.

Deaver has alleged, and must now sustain by reference to admissible evidence and supporting law, that there are deficiencies in GCAC's Notice. None exist. Accordingly, under Missouri's standards, summary judgment should be accorded to GCAC here.

---

[1] The Counterclaim also claims that GCAC failed to authenticate the Pre-Sale Notice by signing it, but that claim has no legal merit as to either the "draft" Notice or the Pre-Sale Notice that was actually sent discussed later I this Memorandum.

## IV. THE PRE-SALE NOTICE SENT TO DEAVER COMPLIED WITH THE REQUIREMENTS OF THE UCC.

The deficiencies claimed by Deaver in the Pre-Sale Notice are:

(1)  The UCC Pre-Sale Notice (what GCAC terms "Notice of Our Plan to Sell Property") did not give Deaver reasonable notice;

(2)  The Notice was misleading; and

(3)  The Notice was not properly authenticated by being signed by a representative of GCAC.

Deaver contends each of these deficiencies constitutes a distinct violation of the UCC entitling him to statutory penalty damages. These deficiencies are based on a "draft" Notice that never was sent out by GCAC. The file stamped Notice that was sent to Deaver corrected the deficiencies in the draft Notice. Inasmuch as the corrected Notice fully comports with applicable law, Deaver's Petition, based on the "draft" Notice, does not, and cannot, proffer a submissible case.

A.   The Pre-Sale Notice Sent to Deaver Provided Him With A Reasonable Notice as a Matter of Law.

Under the UCC a Creditor must send its Pre-Sale Notice within a reasonable time so as to give a Debtor an opportunity to discharge the debt and redeem the collateral or find another purchaser. *Mancuso v. Long Beach Acceptance Corp.*, 254 S.W.3d 88, 95 (Mo. App. 2008). Under Missouri law, § 400.9-614 of the UCC sets forth the contents and form of a Notification to be given the Debtor before disposition of collateral in a "consumer-goods transaction." Specifically, the statute contains language which advises the Debtor of his rights regarding an upcoming private sale of the Debtor's collateral. If the form language in this statute is followed, it gives the Creditor a safe-harbor from attacks that its Notice is inadequate.

6

GCAC sent its Notice to Deaver on December 19, 2006.  (¶ 12 Means Affidavit; Exhibit B to this Memorandum).  After the phrase "Private Sale," GCAC's Notice tracked the statutory language in 9-614 exactly, bringing its Notice under the safe-harbor provision of 9-614.

The Notice stated GCAC was going to sell the collateral (a 1998 Chevrolet S-10) at a private sale 14 days after "12/9/06", the date of repossession, specifying the vehicle would be sold on "1/02/07" (¶ 12 Means Affidavit; Exhibit A to this Memorandum).  Means explains his memory of correcting the Notice is corroborated by GCAC's Auto Star Solutions electronic file notes.  Means explains his file note diaries indicate that Deaver's 1998 Chevrolet S-10 was repossessed on December 19, 2006.  (The Note can be found at Document GCAC0080, attached to Means Affidavit; ¶ 9 to Means Affidavit).  That file Note corresponds to the date of Repossession as well as the date the Notice was sent to Deaver via U.S. Mail.[2]

Several cases have addressed the time frame for reasonable notice.  *See e.g.*, *Fedders Corp. v. Taylor*, 473 F. Supp. 961, 972 (D.C. Minn. 1979) (seven days held sufficient); *General Motors Acceptance Corp. v. Thomas*, 237 N.E.2d 427, 431-32 (Ohio Ct. Common Pleas 1968) (eleven days notice was reasonable); *Byrd v. General Motors Acceptance Company*, 581 S.W.2d 198, 201 (Tex. Civ. App. 1979) (ten days notice was reasonable).  *Fidelity Consumer Discount v. Clark*, 482 A.2d 580, 582 (Pa. Super. 1984) (thirteen days notice is reasonable).  No Missouri case has ever found fourteen days notice insufficient.

It is also important to note that Section 9-612(b) of the UCC provides guidance as to what constitutes a reasonable notice.[3]  That Section provides that, a in a non-consumer-goods

---

[2] All the UCC requires is that the Notice be deposited in the U.S. Mail or sent by other usual means of communication.  400.1-201(38); *Grant v. Southwest Bank of Northwest Florida*, 605 So.2d 171, 172-73 (Fla. Dist. Ct. App. 1st Dist. 1992); A creditor does not need to prove the Debtor received the Notice.  *Id.*; 2 James J. White & Robert S. Summers, *Uniform Commercial Code* § 27-12 at 602  (3d ed. 1988)

[3] Some of those cases were decided under 9-612's predecessor statute, 9-504(3) of the UCC, as Article 9 of Missouri's UCC was amended in 2001, adding 9-612, 9-613 and 9-614, among other sections.  Under the old

transaction, Notice sent ten days before disposition of collateral is sufficient as a matter of law. While our facts involve a consumer goods transaction, GCAC's 14-day notice exceeds the requirements of Section 9-612, which is clear indicia of its reasonableness.  Moreover, based on the above cases cited from other jurisdictions, fourteen days is reasonable notice.

B.   <u>The Claim that the Notice Actually Sent to Deaver is Misleading Cannot Withstand Scrutiny</u>.

Deaver also contends that GCAC's Notice is misleading because GCAC's Notice of Our Plan to Sell Property contains "additional language."   Somehow Deaver believes that the additional information renders the Notice misleading under § 400.9-614 of Missouri's UCC.  An examination of § 400.9-614 reveals Deaver's arguments are spurious.

After the capitalized statement "PRIVATE SALE," the Notice tracks the statute providing GCAC with a safe-harbor under 9-614.  Missouri's enactment of the UCC statute explicitly states that in a consumer transaction a "particular phrasing" of the notification is not required.  § 400.9-614(2).

The additional information in the Notice that Deaver complains about is the "date of the notice," the "date of the contract," GCAC's "account number," the "name of the buyer," the "debtor's name and address," "the description of property," and the "date of repossession."  Not only is all this information accurate and not misleading, it also provides important and useful information to Deaver.  This information identifies the property to be sold, the date after which the collateral is going to be sold, the date it was repossessed, and it identifies the contract in default.   It would be utter nonsense to find that such accurate and important information somehow renders the Pre-Sale Notice misleading.  The omission of such valuable information

---

version of the statute, or under the 2001 amended version, no Missouri case has held that fourteen days notice is unreasonable.

would be detrimental to Missouri consumers.  According its inclusion cannot be the basis of a claim.

C.   <u>The Claim that GCAC's Notice Is Deficient Because It Was Not Signed Cannot Be Supported Under Applicable Law.</u>

Third, Deaver asserts that the Notice is inadequately authenticated, in that it is unsigned. This contention is spurious.  Section 400.9-102(7) of the Missouri UCC defines "authenticate" to mean "to sign" or to "execute or otherwise adopt a symbol … with the present intent of the authenticating person to identify the person and adopt or accept a record."

Under well established UCC law, a creditor's "initials," "letterhead," or "billhead" can constitute authentication. *See International Casings Group, Inc. v. Premium Standard Farms, Inc.*, 358 F. Supp. 2d 863, 872–73 (W.D. Mo. 2005) (quoting § 400.1-201(39) at Cmt. ¶ 39) ("The inclusion of authentication in the definition of "signed" is to make clear that as the term is used in this Act a complete signature is not necessary. Authentication may be printed, stamped or written; it may be by initials or by thumbprint. It may be on any part of the document and in appropriate cases may be found in a billhead or letterhead."); *see also Zemco Manufacturing, Inc. v. Navistar International Transportation Corp.*, 186 F.3d 815, 821-22 (7th Cir. 1999); *Monetti v. The Anchor Hocking Corp.*, 931 F.2d 1178, 1182, 1185 (7th Cir. 1991).  Here GCAC used its letterhead, which is sufficient to authenticate a writing. *Assoc. Home & R.V. Sales, Inc. v. RR-Vision, Inc.*, 2006 WL 4109674, at * 5 (V.N.M. July 13, 2006); *D'Amato Investment, LLC v. Rans*, 2008 WL 4020902, at * 2 (Conn. Super. August 4, 2008); (¶ 15 of Means Affidavit).

As can clearly be seen in the upper left hand corner of the Notice, attached as Exhibit B to this Memorandum, there is a "letterhead" which authenticates under Missouri law that the sender is General Credit Acceptance Company, LLC, and which gives GCAC's address and telephone number. (¶ 15 of Means Affidavit).  In Paragraph 15 of his Affidavit, Means explains

9

that the GCAC letterhead is put on the Notice to "authenticate it" and thereby advise the recipient that the Notice is from GCAC. (¶ 15 of Means Affidavit). Under the UCC, this practice satisfies the authentication requirement found in § 400. 9-102(7).

## V. <u>CONCLUSION</u>

None of Deaver's alleged deficiencies with GCAC's "Notice of Our Plan to Sell Property" amounts to a hill of beans. GCAC's Notice complies fully with the UCC. The Notice provided Deaver with a reasonable and timely Notice; it is not misleading; and it clearly indicates that the Notice was generated and sent by General Credit Acceptance Company, LLC. Nothing further is required under the law.

Accordingly, GCAC's Notice cannot give rise to any cause of action. This is not a case where a creative Plaintiff is trying to make a proverbial mountain out of a mole hill; rather it is an attempt to make a mountain where no mole hill even exists. Plaintiff is relying on a draft notice with typographical errors that simply was not sent.

For the foregoing reasons, judgment should be entered on Deaver's Counterclaim in GCAC's favor and against Deaver, and for such other and further relief as this Court's deems necessary and proper.

BROWN & JAMES, P.C.

Russell E. Watters,    #25758
Timothy J. Wolf,    ##53099
Robert L. Carter,    #31699
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, this 3rd day of October, 2012, to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314-446-3300
314-726-1406 (fax)
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

9984700

General Credit Acceptance Company, LLC
12750 St Charles Rock Rd
Bridgeton, Mo 63044-0730-
TELEPHONE: 314-373-5500

Debtor(s) Name(s) and Address(es):
David G Deaver
5911 U.S. Hwy 61-67
Imperial Mo, 63052

Date of Notice:          Date of Contract
       12/19/06                June 3, 2006
Account Number:
1174

Buyer: David G Deaver
Co-Signer:

DESCRIPTION OF PROPERTY
1998 Chevrolet S10
V.I.N. # 1GCCT19W7W8197311

Date of Repossession: 12/09/06

### NOTICE OF OUR PLAN TO SELL PROPERTY

We have your property described above because you are in default under your Retail Installment and Security Agreement.

**PRIVATE SALE:** We intend to sell the property described above at a private sale 14 days after the Date of Repossession (above) which is 1/03/07.

The money that we get from the sale (after paying our costs as permitted by law) will reduce the amount you owe. If we receive less money than you owe, you will owe us the difference. If we get more money than you owe (after paying our costs as permitted by law), you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our costs and expenses permitted by law. To learn the exact amount you must pay, call us at the telephone number above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call our Finance Manager at the telephone number above, or write us at the address above, and request a written explanation.

If you need more information about the sale, call our Finance Manager at the telephone number above, or write us at the address above.

We are sending this notice to the following people who have an interest in the property described above or who owe money under your agreement: 1) the Buyer and any Co-Signer named above; and 2) if there are other people, they are named on an attachment sent with this notice.

PERSONAL PROPERTY: Any personal property found in the vehicle may be reclaimed by you, in accordance with state law, by contacting our Finance Department at the phone number above before the sale of the property described above. Thereafter, the personal property will be disposed of.

- PAYMENTS: All payments to us must be by cash, certified check or money order.

EXHIBIT
1

GCAC0054

General Credit Acceptance Company, LLC
12750 St Charles Rock Rd
Bridgeton, Mo 63044-0730-
TELEPHONE:  314-373-5500

 FILE        ⒸCOPY

Debtor(s) Name(s) and Address(es):
David G Deaver
5911 U.S. Hwy 61-67
Imperial Mo, 63052

Date of Notice:          Date of Contract
        12/19/06          June 3, 2006
Account Number:
1174

Buyer: David G Deaver
Co-Signer:

DESCRIPTION OF PROPERTY
1998 Chevrolet S10
V.I.N. # 1GCCT19W7W8197311

Date of Repossession: 12/19/06

### NOTICE OF OUR PLAN TO SELL PROPERTY

We have your property described above because you are in default under your Retail Installment and Security Agreement.

PRIVATE SALE:  We intend to sell the property described above at a private sale 14 days after the Date of Repossession (above) which is 01/02/07.

The money that we get from the sale (after paying our costs as permitted by law) will reduce the amount you owe.  If we receive less money than you owe, you will owe us the difference.  If we get more money than you owe (after paying our costs as permitted by law), you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our costs and expenses permitted by law.  To learn the exact amount you must pay, call us at the telephone number above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call our Finance Manager at the telephone number above, or write us at the address above, and request a written explanation.

If you need more information about the sale, call our Finance Manager at the telephone number above, or write us at the address above.

We are sending this notice to the following people who have an interest in the property described above or who owe money under your agreement: 1) the Buyer and any Co-Signer named above; and 2) if there are other people, they are named on an attachment sent with this notice.

PERSONAL PROPERTY: Any personal property found in the vehicle may be reclaimed by you, in accordance with state law, by contacting our Finance Department at the phone number above before the sale of the property described above.  Thereafter, the personal property will be disposed of.

- PAYMENTS: All payments to us must be by cash, certified check or money order.



GCAC0055

Exhibit 3

Contact 1174 Collector Notes   Printed By: MKW Date: 04/12/2007

04/26/2007 11:14 || BJL || PH || HOT || DEAVER, DAVID G   || PAST DUE ACCT COLLECTIONS CALL.
02/16/2007 10:39 || MKW || PH || HOT || DEAVER, DAVID G   || PAST DUE ACCT COLLECTIONS CALL.
02/15/2007 - 10:39 - MKW
added eval charges from AW invoice #0080855
12/19/2006 10:16 || MJM || PH || FCR || LM || DEAVER, DAVID G   || H (636) 467-5773 || PAST DUE ACCT COLLECTIONS CALL.
12/19/2006 - 10:16 - MJM
lm for custo to call me re: repo
12/07/2006 15:19 || CR || PH || MJM || Changed: AutoStar Out for Repo to True
12/07/2006 - 15:19 - CR   OR OK MJM Changed: AutoStar Out for Repo to False
12/19/2006 13:41 || MJM || PH || FPD || DEAVER, DAVID G   || H (636) 467-5773 || PAST DUE ACCT COLLECTIONS CALL.
                                                      ← MJM Printed Letter Notice of Plan to Sell Missou
12/05/2006 13:41 || MJM || PH || FPD || DEAVER, DAVID G   || H (636) 467-5773 || PAST DUE ACCT COLLECTIONS CALL.
12/04/2006 - 19:05 - KLW
collied cust nmr # and line was busy
11/20/2006 - 17:00 - BJL
phn res lmvm
11/20/2006 - 17:00 - BJL
phn cell nns
11/21/2006 - 13:49 - MJM
cust nmm ol & pig $225 12/2 then $225 bw ill current
11/21/2006 - 13:41 - MJM
10/25/2006 09:10   PL OK MKW ASI-FTP (11/17/2006 for $225.00 kept on contract 1174
Added Promise To Pay, to be paid by, 12/02/2006 for $225.00 Broken on contract 1174
11/04/2006 09:10   PL OK MKW ASI-FTP (11/17/2006 for $225.00) kept on contract 1174
pd $225 1/3 & $225 1/17
10/25/2006 17:48 || MJM || PH || FPD || DEAVER, DAVID G   || H (636) 467-5773 || PAST DUE ACCT COLLECTIONS CALL.
10/25/2006 - 17:48 - MJM
Added Promise To Pay, to be paid by, 11/17/2006 for $225.00 made by, DEAVER, DAVID G - Autostar was Updated
10/25/2006 - 17:48 - MJM
Added Promise To Pay, to be paid by, 11/03/2006 for $225.00 made by, DEAVER, DAVID G - Autostar was Updated
10/25/2006 08:47   PB OK MKW ASI-FTP (10/21/2006 for $300.00) Broken on contract 1174
18/14/2006 1:418   LT OK SLY Printed Letter kd4-Home of Default 2
10/14/2006 - 14:18 - SLY
Collector SLY Updated Autostar Screen Note From    no pymts mail nod 21(01/8/To
10/10/2006 - 17:05 - SLY
mr o will be in 10/19/6 with 300.00
10/10/2006 - 17:05 - SLY
Added Promise To Pay, to be paid by, 10/21/2006 for 300.00 made by, DEAVER, DAVID G - Autostar was Updated
09/23/2006 16:34 - SLY
Collector SLY Updated Autostar Screen Note From "To M no pymts mail nod 2 10/11/6"
09/23/2006 09:05   PB OK MKW ASI-FTP (09/20/2006 for $150.00) Broken on contract 1174
09/16/2006 12:27   PB OK MKW ASI-FTP (09/15/2006 or $150.00) Broken on contract 1174
celled home # will be in by wednesday
09/18/2006 19:55 || MJM || PH || FCR || FPD || DEAVER, DAVID G   || H (636) 467-5773 || PAST DUE ACCT COLLECTIONS CALL.
09/18/2006 - 19:55 - MSH
Added Promise To Pay, to be paid by, 09/20/2006 for $150.00 made by, DEAVER, DAVID G - Autostar was Updated
09/16/2006 12:27   PB OK MKW ASI-FTP (09/15/2006 or $150.00) Broken on contract 1174
09/11/2006 - 11:45 - JEF
Added Promise To Pay, to be paid by, 09/15/2006 for $150.00 made by, DEAVER, DAVID G - Autostar was Updated



TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

DAVID DEAVER,                                )
                                             )
     Counterclaimant,                        )
                                             )
v.                                           )     Case No. 11SL-AC28887
                                             )     Division:  42M
GENERAL CREDIT ACCEPTANCE                    )
COMPANY, LLC,                                )
                                             )
     Counterdefendant.                       )

## COUNTERDEFENDANT GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS

Counterdefendant General Credit Acceptance Company, LLC ("GCAC"), for its Statement of Uncontroverted Material Facts pursuant to Mo.R.Civ.P. 74.04(c)(1), states:

1.      In December 2006, Plaintiff David Deaver was in default of his obligations under his Retail Installment Contract and Security Agreement ("RICSA") for his purchase of a 1998 Chevrolet S-10 vehicle. (¶ 4 of Affidavit of Matt J. Means)

2.      GCAC caused the Chevrolet S-10, the collateral under the RICSA, to be repossessed on December 19, 2006. (¶ 9 of Affidavit of Matt J. Means)

3.      GCAC's Financial Manager prepared a draft "Notice of Our Plan to Sell Property" that contained two typographical errors relating to the "Date of Repossession" and the date after which collateral could be sold. (¶¶s 8 and 11 of Affidavit of Matt J. Means)  The "draft" Pre-Sale Notice is attached as Exhibit 1 hereto.

4.      Matt J. Means noticed the typographical errors and corrected the "Notice of Our Plan to Sell Property." (¶ 11 to Affidavit of Matt J. Means)

5.      The corrected "Notice of Our Plan to Sell Property" was sent by Matt J. Means to David Deaver on December 19, 2006. (¶ 12 of the Affidavit of Matt J. Means)  The corrected Pre-Sale Notice is attached as Exhibit 2.

6.      Will Whealen produced the "draft" GCAC Notice of Our Plan to Sell Property inadvertently in GCAC's file in responding to Deaver's Request to Produce in this case. GCAC's original production is attached as Exhibit 3.

7.      GCAC has since supplemented its discovery responses with the only notice that was sent to Deaver.  See Exhibit 4 new discovery.

BROWN & JAMES, P.C.

_____

Russell F. Watters,     #25758
Timothy J. Wolf,        ##53099
Robert L. Carter,       #31699
1010 Market Street, 20th Floor
St. Louis, Missouri 63101-2000
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

2

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent via U.S. Mail, postage prepaid, this 3rd day of October, 2012, to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332
314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
314-446-3300
314-726-1406 (fax)
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

9998667

3

**General Credit Acceptance Company, LLC**
12750 St Charles Rock Rd
Bridgeton, Mo 63044-0730-
TELEPHONE: 314-373-5500

**Debtor(s) Name(s) and Address(es):**
David G Deaver
5911 U.S. Hwy 61-67
Imperial Mo, 63052

Date of Notice:          Date of Contract
   12/19/06           June 3, 2006
Account Number:
1174

Buyer: David G Deaver
Co-Signer:

DESCRIPTION OF PROPERTY
1998 Chevrolet S10
V.I.N. # 1GCCT19W7W8197311

Date of Repossession: 12/09/06

### NOTICE OF OUR PLAN TO SELL PROPERTY

We have your property described above because you are in default under your Retail Installment and Security Agreement.

**PRIVATE SALE:** We intend to sell the property described above at a private sale 14 days after the Date of Repossession (above) which is 1/03/07.

The money that we get from the sale (after paying our costs as permitted by law) will reduce the amount you owe. If we receive less money than you owe, you will owe us the difference. If we get more money than you owe (after paying our costs as permitted by law), you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our costs and expenses permitted by law. To learn the exact amount you must pay, call us at the telephone number above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call our Finance Manager at the telephone number above, or write us at the address above, and request a written explanation.

If you need more information about the sale, call our Finance Manager at the telephone number above, or write us at the address above.

We are sending this notice to the following people who have an interest in the property described above or who owe money under your agreement: 1) the Buyer and any Co-Signer named above; and 2) if there are other people, they are named on an attachment sent with this notice.

PERSONAL PROPERTY: Any personal property found in the vehicle may be reclaimed by you, in accordance with state law, by contacting our Finance Department at the phone number above before the sale of the property described above. Thereafter, the personal property will be disposed of.

- PAYMENTS: All payments to us must be by cash, certified check or money order.



EXHIBIT
1

GCAC0054

General Credit Acceptance Company, LLC
12750 St Charles Rock Rd
Bridgeton, Mo 63044-0730-
TELEPHONE:  314-373-5500



**Debtor(s) Name(s) and Address(es):**
David G Deaver
5911 U.S. Hwy 61-67
Imperial Mo, 63052

Date of Notice:        Date of Contract
         12/19/06        June 3, 2006
Account Number:
1174

Buyer: David G Deaver
Co-Signer:

DESCRIPTION OF PROPERTY
1998 Chevrolet S10
V.I.N. # 1GCCT19W7W8197311

Date of Repossession: 12/19/06

### NOTICE OF OUR PLAN TO SELL PROPERTY

We have your property described above because you are in default under your Retail Installment and Security Agreement.

PRIVATE SALE:  We intend to sell the property described above at a private sale 14 days after the Date of Repossession (above) which is  01/02/07.

The money that we get from the sale (after paying our costs as permitted by law) will reduce the amount you owe.  If we receive less money than you owe, you will owe us the difference.  If we get more money than you owe (after paying our costs as permitted by law),  you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our costs and expenses permitted by law.  To learn the exact amount you must pay, call us at the telephone number above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call our Finance Manager at the telephone number above, or write us at the address above, and request a written explanation.

If you need more information about the sale, call our Finance Manager at the telephone number above, or write us at the address above.

We are sending this notice to the following people who have an interest in the property described above or who owe money under your agreement: 1) the Buyer and any Co-Signer named above; and 2) if there are other people, they are named on an attachment sent with this notice.

PERSONAL PROPERTY: Any personal property found in the vehicle may be reclaimed by you, in accordance with state law, by contacting our Finance Department at the phone number above before the sale of the property described above.  Thereafter, the personal property will be disposed of.

- PAYMENTS: All payments to us must be by cash, certified check or money order.

EXHIBIT

2

GCAC0055

## TWENTY-FIRST JUDICIAL CIRCUIT COURT
## ST. LOUIS COUNTY, MISSOURI

GENERAL CREDIT ACCEPTANCE COMPANY,

    Plaintiff,

v.

DAVID DEAVER,

    Defendant.

Case No. 11SL-AC28887
Division: 42M

PLAINTIFF'S RESPONSES TO
### David Deaver's First Requests for Production
### Directed to General Credit Acceptance Company
### DEFINITIONS AND INSTRUCTIONS

Comes now Plaintiff and for its responses to David Deaver's First Request for Production states as follows:

For the purposes of these Interrogatories, all terms shall have the meaning ascribed to them in Mo.Rev.Stat. § 400.9-102 unless defined otherwise below:

1. "Deaver" and "Defendant" shall mean David Deaver.

2. "GCAC," "Plaintiff," "you," and "your" shall mean General Credit Acceptance Company, its affiliates, parent companies, subsidiaries, entities in which GCAC has an ownership interest, entities which have an ownership interest in GCAC, successors, and any entity that is a predecessor of or merged into GCAC. These terms shall include the present and former directors, officers, employees, agents, attorneys, and anyone acting on behalf of the same for GCAC.

3. "Action" shall have a meaning consistent with the use of this term in Mo.Rev.Stat. § 408.556.

4. "Secured transaction" shall mean any transaction, occurrence, or dealings within the scope of the Uniform Commercial Code-Secured Transactions as set forth in 400.9-109.

3372384\1                                    1

EXHIBIT
3

5.  "Explanation" shall be defined as set forth in Mo.Rev.Stat. § 400.9-616(a)(1).

6.  "Dispose" shall have a meaning consistent with the use of this term in the Uniform Commercial Code-Secured Transaction. Dispose shall specifically include, without limitation, to transfer or part with, as by giving or selling.

7.  "Third-party" shall mean any other person or persons other than plaintiff and defendant.

8.  "Person" or "Persons" shall mean and include, without limitation, any natural person, corporation, limited liability company, partnership, proprietorship, association, joint-venture, governmental or other public entity, and any other form of organization or legal entity, and all of their officials, officers, directors, members, employees, representatives, and agents.

9.  "Document(s)" means all materials within the full scope of Mo.R.Civ.P. 58, including but not limited to all writings and recordings, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise (including, without limitation, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, printouts, teletypes, telefaxes, invoices, and worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing), graphic or aural representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, videotape recordings, motion pictures, plans, drawings, and surveys), and electronic, mechanical, magnetic, optical, or

electric records or representations of any kind (including, without limitation, computer files and programs, tapes, cassettes, disks, and recordings), including metadata.

10. The terms "relating to" when used herein means concerning, describing, referring to, connect with or pertaining to, in whole or in part.

11. "Communication" means any transmission or exchange of information between two or more persons orally or in writing, and includes, without limitation, any conversation or discussion, whether face to face or by means of telephone, computer, telegraph, telex, telecopier, or any other electronic or other media.

12. If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

   a.   the name and title of the author and/or sender and the name and title of the recipient;

   b.   the date of the document's origination;

   c.   the name of each person (other than stenographic or clerical assistants) participating in the preparation of the document;

   d.   the name and position, if any, of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, reading, or substantial summarization;

   e.   a statement of the specific basis on which privilege is claimed and whether the subject matter or the content of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

f.   the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in the subparagraphs above.

13. In order to bring within the scope of these interrogatories and requests for production any and all conceivable relevant information or documents, which might otherwise be construed as outside their scope:

a.   The singular of each word shall be construed to include the plural and vice versa;

b.   "And" as well as "or" shall be construed both conjunctively and disjunctively;

c.   "Each" shall be construed to include "every" and vice versa;

d.   "Any" shall be construed to include "all" and vice versa;

e.   The present tense shall be construed to include the past tense and vice versa;

14. As used herein, the word "identify," when used in reference to:

a.   an *individual*, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known (designating which) telephone numbers.

b.   A *firm, partnership, corporation, proprietorship, association, or other organization or entity*, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

c.   A *document,* shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any

document so identified was, but is no longer, in your possession, custody, or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody, or control, state whether you will make it available to the undersigned attorneys for inspection and/or copying.

<u>**REQUESTS**</u>

1.      All agreements or contracts between GCAC and Deaver.

<u>**RESPONSE:**</u> See attached.

2.      All consumer disclosure statements sent or provided by GCAC to Deaver.

<u>**RESPONSE:**</u> See Retail Installment Contract attached.

3.      All documents sent or provided by GCAC to Deaver that show the "annual percentage rate," "finance charge," "amount financed," or "total of payments."

<u>**RESPONSE:**</u> See Retail Installment Contract attached.

4.      All documents relating to any application submitted by GCAC pursuant to MO. REV. STAT. §§ 301.215 and 306.435 in connection with the collateral[1] securing the Retail Installment Contract and Security Agreement attached to your Petition.

<u>**RESPONSE:**</u> None.

5.      All documents relating to any application by GCAC for repossession title of the collateral securing the Retail Installment Contract and Security Agreement attached to your Petition.

<u>**RESPONSE:**</u> None.

---

[1]      Defined at MO. REV. STAT. §400.9-102(a)(12).

3372384\1                                                    5

6.     All notifications of disposition sent by GCAC to Deaver pursuant to MO.REV.STAT. § 400.9-611 or a substantially similar provision enacted by any other state that requires sending "a reasonable authenticated notification of disposition."

**RESPONSE:** copies of all required notices sent are attached.

7.     All notices sent by GCAC to Deaver pursuant to MO.REV.STAT. § 408.555.

**RESPONSE:** See attached.

8.     All notices sent by GCAC to Deaver pursuant to MO.REV.STAT. § 408.557.

**RESPONSE:** See attached.

9.     All explanations sent by GCAC to Deaver pursuant to MO.REV.STAT. § 400.9-616.

**RESPONSE:** See attached.

10.     All documents related to GCAC's reporting information regarding Deaver to consumer reporting agencies, including without limitation, Equifax Credit Information Services, Inc., Experian, Inc., and TransUnion, LLC.

**RESPONSE:** None.

11.     All correspondence between Deaver and GCAC.

**RESPONSE:** None other than the notices, copies of which are attached.

12.     All recording or statements between Deaver and GCAC.

**RESPONSE:** To the best of Plaintiff's knowledge there are no statements other than those which may be contained in the documents attached.

13.     All documents and tangible evidence used or referred to in deriving or formulating your Answers to Deaver's First Set of Interrogatories.

**RESPONSE:** See attached.

14.    All documents and tangible evidence that relate in any way to the allegations contained in your Petition or Deaver's answer to the same.

**RESPONSE:** See attached.

MILLER AND STEENO, P.C.

By: _____

William P. Whealen, Jr.  #34078
Attorneys for Plaintiff
11970 Borman Drive, Suite 250
St. Louis, MO 63146
(314) 726-1400  Telephone
(314) 726-1406  Facsimile
wwhealen@millersteeno.com
11-07693-0

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was mailed, postage pre-paid this 11th day of April, 2012, to:  Martin L. Daesch, Attorney for Defendant, 600 Washington Avenue, 15th Floor, St. Louis, MO 63101.

_____

**CAR CREDIT CITY**

RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

| Seller | Buyer |
|---|---|
| CAR CREDIT CITY, LLC | Name DAVID B BEAVER |
| | Address 591 U.S. HWY 61-67 |

No. 417A
Date 06/03/2006

SALE: You agree to purchase from us on a time basis...

Description of Vehicle: Year 1998 ... VIN 1GCDT19W6W6173317
Motor Vehicle: Make CHEVROLET ... Used
Purchased: Year 1994 ...

**TRUTH IN LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS | TOTAL SALE PRICE |
|---|---|---|---|---|
| 27.91 % | $2665.89 | $6567.00 | $9232.89 | $11500.00 |

Payment Schedule:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 85 | $109.00 | Bi-Weekly Beginning 07/01/2006 |
| | | Last Payment Due 10/18/2009 |

**ITEMIZATION OF AMOUNT FINANCED**

| | |
|---|---|
| Cash Price | $6995.00 |
| Total Cash/Rebate Down | $500.00 |
| Amount Financed | $6567.00 |

By signing below Buyer agrees to the terms on pages 1 and 2 of this contract and acknowledges receipt of a copy of this contract.

Buyer
Signature _____ Date 06/03/2006

Co-Signer
N/A

Seller Car Credit City, LLC

MOTOR VEHICLE - NOT FOR MANUFACTURED HOME

9-18486

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

9-18486