**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| GENERAL CREDIT ACCEPTANCE COMPANY, <br><br> Counterclaim-Defendant, <br><br> v. <br><br> DAVID DEAVER, <br><br> Counterclaimant. | Case No. 4:13-cv-00524-ERW |

## Memorandum in Support of Motion to Remand

Counterclaimant David Deaver ("Deaver"), by and through his attorneys Sandberg Phoenix & von Gontard PC, respectfully submits his memorandum in support of his motion to remand the case:

### A. Introduction

Over 19 months ago, General Credit Acceptance Company ("GCAC") initiated this case against Deaver in the Twenty-First Judicial Circuit Court of St. Louis County, Missouri. *See* Notice of Removal (ECF No. 1), ¶ 3.[1] Deaver responded by filing an answer and a class action counterclaim on May 7, 2012. *Id.* GCAC moved the state court on four occasions to rule on its motion for summary judgment before GCAC was required to produce discovery. *See* ECF No. 1-7, pp. 3-17. Each time, the state court rejected GCAC's efforts to circumvent its prior rulings and ordered GCAC to produce the required discovery. *Id.* The last such ruling made in response to GCAC's motion to reconsider was on March 12, 2013. *Id.* at 2.

---

[1] GCAC's Notice of Removal incorrectly recites the case number assigned to this case by the state court. The correct case numbers for the state court action are 11SL-AC28887 and 11SL-AC28887-01.

4145458.1

In an apparent attempt to appeal the adverse decisions of the state court and to avoid producing the documents GCAC was ordered to produce several times, GCAC removed the case to this Court, invoking the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. *See* ECF No. 1. The Court need only look to the caption of GCAC's Notice of Removal to determine GCAC lacked an objectively reasonable basis for seeking removal. That is because over "70 years ago, the Supreme Court concluded that a litigant who files suit in state court is a 'plaintiff' and cannot remove the case, even if the defendant files a counterclaim and the original plaintiff then wears two hats, one as plaintiff and one as defendant—and even if the counterclaim is distinct from the original claim and could have been a separate piece of litigation." *First Bank v. DJL Properties*, LLC, 598 F.3d 915, 918 (7th Cir. 2010). Put simply, it has long been settled that a counterclaim-defendant, such as GCAC, cannot remove an action to federal court. *Resurgent Capital Services LP v. Thomason*, 2012 WL 5398189, *1 (W.D.Mo. 2012). It remains the law for removal in general, and all circuits and the district courts of this Circuit that have addressed the issue, have held it applies to removal under CAFA in particular. *Id.* at *1-2; *Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir.2008); *First Bank*, 598 F.3d at 918; *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853-54 (6th Cir.2012); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir.2007); *Westwood Apex v. Contreras*, 644 F.3d 799, 807 (9th Cir.2011); *Deutsche Bank Nat. Trust Co. v. Collins*, 2012 WL 768206 (W.D.Ark. 2012). Remand of this case is appropriate for this reason alone as well as others discussed below. Therefore, the case should be remanded and Deaver should be awarded his just costs and any actual expenses, including attorney fees, incurred as a result of GCAC's objectively unreasonable removal.

**B. Argument**

Remand is appropriate here, as discussed above, because GCAC submitted itself to the jurisdiction of the state court, and is "not entitled to avail [itself] of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106 (1941). As this is dispositive of Deaver's motion, the Court need not address other reasons justifying remand.

Even assuming GCAC is construed as a "defendant" for purposes of the removal statutes (it cannot be), remand is still warranted for at least three other reasons: (1) the "local-controversy" exception applies to this case; (2) the requirements for the interest of justice exception have been met; and (3) GCAC waived its right, if any, to remove.

1. The local-controversy exception applies to this case.

"Although complete diversity is not required for the Court to exercise jurisdiction under 28 U.S.C.A. § 1332(d)(2), § 1332(d)(4) requires courts to decline to exercise jurisdiction when greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." *Barfield v. Sho-Me Power Elec. Co-op.*, 2012 WL 2368517, *2 (W.D.Mo. 2012) (internal quotation marks omitted).

> This mandatory exception, commonly known as the "local-controversy" exception to the Class Action Fairness Act ("CAFA"), contains four requirements: Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action in which [1] more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, [2] at least one defendant 'from whom significant relief is sought by members of the plaintiff class' and 'whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class' is a citizen of the state in which the class action was originally filed, [3] the principal injuries were incurred in the state in which the action was filed, and [4] no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action.

*Id*. (citations omitted).

GCAC is the only counterclaim-defendant and is a resident of Missouri. Moreover, there are no other class actions alleging similar facts against GCAC filed in the three years prior to the commencement of this case. Therefore, requirements two and four are clearly met. Requirements one and three are also met.

With respect to requirement one, Deaver seeks to represent a class of persons who had their vehicles repossessed by GCAC. *See* ECF No. 1-6, ¶ 23. The vast majority of these class members are Missouri residents who had their Missouri titled vehicles repossessed. Indeed, this is precisely why Deaver alleged the "UCC as adopted by Missouri will apply to the vast majority of claims asserted by Deaver and the class." *Id.* at ¶ 38. Common sense and logic confirm the conclusion that the two-thirds requirement is met.

GCAC takes assignment of defaulted loans from Car Credit City, LLC. *See* ECF No. 1, ¶ 2. Two-thirds of the Car Credit City locations are in Missouri. *See* https://www.carcreditcity.com/. Common sense and logic dictate that if two-thirds of the physical locations for Car Credit City are located in Missouri, then two-thirds or more of all purchases from Car Credit City, and subsequent repossessions, were done in Missouri. *Elsea v. Jackson County, Mo.*, 2010 WL 4386538, *4 (W.D.Mo. 2010) ("Defendants insist that Plaintiff must identify each member of the class and establish the citizenship for each. This is a virtually impossible burden. It is also an inaccurate depiction of Plaintiff's burden. Plaintiff—and the Court—can rely on common sense and logic"). Indeed, the Missouri Department of Revenue records reveal GCAC repossessed over 2,515 vehicles titled in Missouri in the past three years, which appears to be two-thirds or more of all repossessions conducted by GCAC in the past three years. Vehicles are only required to be titled in Missouri by residents of Missouri. *See* Section 301.100, RSMo.

In short, over two-thirds of the class members are residents of Missouri. "While the Court cannot find a specific percentage of the class are Missouri citizens, the Court can find that the vast majority of them are." *Elsea*, 2010 WL 4386538 at *4. Thus, requirement one is satisfied.

With respect to requirement three, the actionable injury is GCAC's repossession of the class members' vehicles and failure to send them proper notice. Logic and common sense would dictate the vast majority of repossessions of Missouri vehicles took place in Missouri and the presale notices were sent to Missouri addresses from GCAC in Missouri. In other words, requirement three is met because the principal injuries occurred in Missouri, where the action was originally filed. Therefore, the Court should decline to exercise jurisdiction pursuant to § 1332(d)(4).

2. The interest of justice exception requirements are met in this case.

In addition to the local-controversy exception, the interest of justice exception has also been established. "A court may, in the interest of justice, decline to exercise jurisdiction if more than one-third and less than two-thirds of the class and the primary defendants are citizens of the state where the suit was filed. 28 U.S.C. § 1332(d)(3)." *Elsea*, 2010 WL 4386538 at *4. The factors to be considered in determining whether a case should be remanded under this exception are:

A. whether the claims asserted involve matters of national or interstate interest;

B. whether the claims asserted will be governed by the laws of the State in which the action was originally filed or by the laws of other States;

C. whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

D. whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

    E.  whether the number of the citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

    F.  whether, during the 3-year period preceding the filing of the class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed. *Id.*

The balance of these factors weighs heavily in favor of declining jurisdiction. Just as in *Elsea,* the claims here do not involve matters of national or interstate importance. The suit was filed in Missouri, and Missouri law will govern the dispute. GCAC is a citizen of Missouri, the alleged harms primarily occurred in Missouri, and the acts giving rise to Deaver's claims occurred in Missouri. Regardless of the definition of "resident" that is employed, far more class members will be citizens of Missouri than any other state. No other class actions were filed against GCAC asserting the same or similar claims in the three years preceding the filing of this class action. All of these factors justify remand. *Id.* at *5. Therefore, the Court should exercise its discretion to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3).

    3.  **GCAC waived any rights it had to remove.**

A defendant who has a right to remove an action to federal court may waive that right by actions indicating that he has submitted to the jurisdiction of the state court. *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F.Supp. 171 (W.D.Tenn. 1989). The waiver must be clear and unequivocal. *Regis Associates v. Rank Hotels Ltd.*, 894 F.2d 193, 195 (6th Cir.1990). A defendant may indicate that he is submitting to the jurisdiction of the state court by making affirmative use of the processes of the state court. *Rose v. Giamatti*, 721 F.Supp. 906, 922 (S.D.Ohio 1989). "The basis for this rule of law is that it is unfair to permit a party to experiment with his case in state court, and, upon adverse decision,

4145458.1      6

remove the case for another try in federal court." *Id*. (citing *Bolivar Sand Co., Inc. v. Allied Equipment Inc.*, 631 F.Supp. 171 (W.D.Tenn. 1986)). "[A]ctions that may result in a disposition on the merits of the state court action, in whole or in part, have also been found to evidence the requisite intent." *Bolivar Sand*, 631 F.Supp. at 173.

Here, GCAC took clear and unequivocal action demonstrating it waived any right it had to removal. Specifically, GCAC moved for summary judgment; thus, seeking a disposition on the merits. Indeed, over 15 days after GCAC allegedly became aware of its right to remove by receipt of the demand letter (ECF No. 1, ¶ 11), it subsequently moved the state court to rule on its motion for summary judgment before it was required to produce discovery. ECF No. 1-7, p. 2. The state court denied this request. *Id.* Therefore, GCAC waived any right to removal, and it should not be allowed to appeal the state court's adverse decision with this Court by way of removal. *Bolivar Sand*, 631 F.Supp. at 173.

### C.  Attorney's Fees

GCAC's removal warrants an award of attorney's fees to Deaver upon remand. An order remanding a case "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorney's fees may be awarded under this statute "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

> District courts retain the discretion to depart from this general rule in "unusual circumstances," but such departures must remain "faithful to the purposes of awarding fees under § 1447(c)": "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."

*Randall v. Evamor, Inc.*, 2010 WL 1727977, *4 (E.D.Mo. 2010).

Here, GCAC lacked an objectively reasonable basis for seeking removal because it removed this case in light of the almost complete certainty of a subsequent remand in light of the well-settled authority that a counterclaim-defendant, such as GCAC, cannot remove an action to federal court. "Removal in those circumstances would, in this Court's view, necessarily warrant an award of attorney's fees because it would be apparent that the removal was only sought in order to 'prolong[ ] litigation and impos[e] costs on the opposing party.'" *Id.* Indeed, GCAC's removal was nothing more than a thinly veiled attempt to delay the discovery process and seek relief from the state court's scheduling orders.

GCAC's removal was also objectively unreasonable because a cursory review of its records would make it obvious that the overwhelming majority of its customers, and at least two-thirds, had provided Missouri addresses. GCAC "should have also been aware of the likelihood that almost all of the proposed class members would be presumed to be Missouri citizens," given GCAC's citizenship, the Car Credit City locations, and its repossessions and notice practices. *Id.* at *5. Therefore, an award of attorney's fees is warranted for GCAC's improper removal.

WHEREFORE, Deaver respectfully requests this Court remand the case to state court and award Deaver his just costs and any actual expenses, including attorney fees, incurred as a result of GCAC's objectively unreasonable removal[2]; and all other relief just under the premises.

Respectfully submitted,

---

[2] Deaver will file an affidavit establishing the costs, including attorney fees, upon request or order of the Court. *See, e.g,. Dickerson Enterprises, Inc. v. M.R.P.I. Corp.*, 2012 WL 3113913, *2 (N.D.Iowa 2012).

4145458.1     8

                SANDBERG PHOENIX & von GONTARD P.C.

                By:    /s/ Jesse B. Rochman_____

                Martin L. Daesch #40494
                Jesse B. Rochman, #60712
                600 Washington Avenue – 15th Floor
                St. Louis, MO  63101
                (314) 231-3332
                (314) 241-7604 Facsimile
                mdaesch@sandbergphoenix.com
                jrochman@sandbergphoenix.com
                *Attorneys for Counterclaimant David Deaver*

## Certificate of Service

I hereby certify that on March 26, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                /s/ Jesse B. Rochman_____

4145458.1        9