UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **GENERAL CREDIT ACCEPTANCE COMPANY, LLC,** | ) ) ) | |
| | ) | **Case No. 4:13-CV-524-ERW** |
| Counterdefendant, | ) | |
| v. | ) ) | Removed from the Twenty-First Judicial Circuit Court, St. Louis |
| **DAVID DEAVER,** | ) ) | County, Missouri Case No. 11SL-AC2887 |
| Counterclaimant. | ) | Division: 42M |

### COUNTERDEFENDANT GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S MOTION TO REALIGN PARTIES

General Credit Acceptance Company, LLC's ("GCAC") and moves this Court to realign the parties. In support of this realign motion, GCAC states:

1.  On August 8, 2011, GCAC, as plaintiff, initiated the state court proceeding by filing a petition for breach of contract against David Deaver ("Deaver"), as defendant, to obtain a deficiency judgment on a retail installment contract that was in default. (Exh. D to Notice of Removal ("NOR"), ECF 1-11, p. 64).

2.  On March 20, 2012, Deaver filed an answer and putative class action counterclaim against GCAC. (Exh. D to NOR, ECF 1-11, pp. 21-35).

3.  On August 22, 2012, GCAC dismissed all its claims against Deaver and, thereafter, Deaver's putative class action remained the only claim in the state court case. (Exh. D to NOR, ECF 1-10, pp. 62-63).

4.  After that dismissal, Deaver substantively was the Plaintiff and GCAC substantively was the Defendant.

5. On addressing a realignment in federal court, a court must consider the overriding and predominate purpose of the litigation at the time it was removed to federal court. *Anderson v Khanna*, 2011 WL 6075896 * 5 (S.D. Iowa 2011) (citing *Ryan ex rel. Ryan v Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The reason the state court litigation was still on-going was solely because of the putative class action.

6. The state court's designations of parties are not binding on federal courts. *Anderson* at * 5; *City of Indianapolis v Chase Nat'l Bank*, 314 U.S. 63, 70 (1941). Realignment is properly granted by the federal court when it is based on the real interests of the parties, regardless of labels placed on the litigants themselves or in state court. *Hickman v Alpine Asset Mgmt. Group, L.L.C.*, 2013 WL 342806 (W.D. Mo., January 29, 2013) (Allowing realignment after removal to federal court).

7. At the time of the removal the only claim in state court was Deaver's putative class action for damages.

WHEREFORE, GCAC, in accordance with the parties substantive interests in the case, respectfully requests this Court to designate David Deaver as "Plaintiff" and GCAC as "Defendant."

BROWN & JAMES, P.C.

    /s/ Robert L. Carter
Russell F. Watters,    #25758
Timothy J. Wolf,    ##53099
Robert L. Carter,    #31699
800 Market Street, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for GCAC*

2

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was sent electronically via the Court's electronic filing system, this 27th day of March, 2013, which will send notification of such filing to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332; 314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorneys for Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
wwhealen@millersteeno.com
*Attorneys for GCAC*

/s/ Robert L. Carter

11093861