**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| GENERAL CREDIT ACCEPTANCE COMPANY, LLC, | ) ) ) | Case No. 4:13-CV-524-ERW |
| Counterdefendant, | ) ) | |
| v. | ) ) | Removed from the Twenty-First Judicial Circuit Court, St. Louis |
| DAVID DEAVER, | ) ) ) | County, Missouri Case No. 11SL-AC2887 |
| Counterclaimant. | ) | Division: 42M |

**GENERAL CREDIT ACCEPTANCE COMPANY, LLC'S  MEMORANDUM
OF LAW IN RESPONSE TO DAVID DEAVER'S
MOTION TO REMAND**

General Credit Acceptance Company, LLC ("GCAC") respectfully submits the following Memorandum of Law in Opposition to David Deaver's ("Deaver") Motion to Remand.

**INTRODUCTION**

The pertinent facts, which are recited in more detail in GCAC's Notice of Removal, are as follows. This action was commenced by GCAC in the Circuit Court of St. Louis County against Deaver, seeking some $11,000 in damages for default on a Retail Installment Contract. Deaver filed a counterclaim on March 20, 2012, a putative class action alleging violations of the U.C.C. On August 22, 2012, GCAC voluntarily dismissed its contract claim, when it became apparent that it was time-barred. GCAC has never asserted any other claims, and since that time the only claim remaining in the underlying case has been Deaver's putative class action against GCAC.

Immediately prior to removal, then, GCAC was the nominal "plaintiff," lacking any claims but defending against Deaver's class action counterclaim; and Deaver was the nominal "defendant," but with no claims asserted against him, and asserting class action counterclaims

against GCAC.  There are no other parties or claims. The state court made no substantive rulings touching the merits of any claim or defense prior to removal.

On February 26, 2013, Deaver's counsel sent GCAC a demand letter on his counterclaim, seeking payment of $10 million, and estimating the actual damages of the class at $30.4 million. The demand, which was the first time Deaver had enumerated the claimed damages, was premised on a new theory which potentially implicated a large number of transactions. The prior theory for the claim was premised on a typographical error in a pre-sale notice that implicated few transactions.

With the jurisdictional amount in controversy established for the first time in satisfaction of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), GCAC promptly filed a Notice of Removal in this Court some three weeks later, on March 20, 2013. (Deaver does not contest the jurisdictional amount or timeliness of removal). As the only claims in the case are those asserted by Deaver against GCAC, GCAC has also filed in this Court a Motion to Realign the parties to reflect their actual status as plaintiff (Deaver) and defendant (GCAC). Deaver now moves to remand.

Unfortunately, Deaver's brief is written in a tone of gratuitous insult, suggesting by innuendo and a steady stream of disparagement ("efforts to circumvent," "to avoid," "thinly veiled attempt," "improper," etc.) that there is something disreputable and underhanded about GCAC's conduct of litigation here. GCAC will not be drawn by this into a slanging match on extraneous issues, irrelevant to the instant motion, but would wish the Court to know that silence does not signal a lack of disagreement with, or lack even of indignation at, what seems a reflexive inclination to accuse the opponent of misconduct.

2

Instead we ask that the Court give its particular attention to the two specific accusations leveled at GCAC by counsel for Deaver in the motion to remand: (1) the unqualified statement that Deaver's argument for remand is supported by "all circuits and the district courts of this Circuit that have addressed the issue" (Deaver's brief at 2) and (2) the related assertion that GCAC lacked an "objectively reasonable basis for removal," and so should be sanctioned (brief at 2, 7-8).  As shown in detail below, both propositions are without merit. On the contrary, GCAC's removal is fully supported by the law, from a general statement of applicable law in the leading treatise to specific, on point decisions in courts – including a district court in this circuit, unmentioned by Deaver  – addressing the precise issue raised here.

## ARGUMENT

I.   **REMOVAL IS PROPER HERE, AS GCAC IS THE TRUE DEFENDANT AND DEAVER THE TRUE PLAINTIFF**

Under long-standing federal law, this Court has a duty to look beyond the formal pleadings and to arrange the parties in accordance with the actual dispute between them.

> "It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'. *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co*., 197 U.S. 178, 180, 25 S.Ct. 420, 421, 49 L.Ed. 713."

*City of Indianapolis v. Chase Nat. Bank of City of New York,* 314 U.S. 63, 69 (1941) (realigning the parties according to the nature of their dispute before determining whether federal diversity jurisdiction existed); *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 242-43 (1952) (realigning a declaratory judgment plaintiff as defendant before determining whether federal question jurisdiction existed, where nominal plaintiff's action was, in effect, the assertion of a defense).

3

This duty exists in the context of removal, and before the court decides a motion to remand. As the leading treatise on federal procedure states in summarizing the law:

> "Federal law determines who is a plaintiff and who is a defendant for purposes of applying the removal statute, *and the federal court may realign the parties according to their real interests, as it can in a case originally instituted in a federal court, before deciding whether a true 'defendant' is seeking removal to federal court*."

14C Wright, Miller et al., *Federal Practice and Procedure* § 3730 (4th ed.2009) ("Procedure for Removal—Who May Seek Removal") (emphasis added). *E.g.*, *Pennell v. Collector of Revenue*, 703 F. Supp. 823, 824-25 (W.D. Mo. 1989) (in a suit by taxpayers against Tax Collector and intervening defendant school district, realigning Collector as a party plaintiff, based on its identity of interest with other plaintiffs and adversity to defendant school district, before deciding whether removal petition was properly joined by all defendants); *Premier Holidays International, Inc. v. Actrade Capital, Inc.*, 105 F.Supp.2d 1336, 1342 (N.D. Ga. 2000) (realigning parties according to their true positions in the dispute before assessing propriety of removal).

Ignoring these principles and these cases, Deaver contends that removal here is improper, as a "plaintiff" cannot remove on the basis that he is a counterclaim "defendant." Deaver treats this as a categorical rule, but the cases Deaver cites (brief at 2) for that rule are inapposite, as they deal with a situation where the counter-defendant is, in fact, *also a plaintiff* prosecuting a claim of his own at time of removal. As the Seventh Circuit explicitly noted, in a case Deaver relies on, in words that Deaver actually quotes (brief at 2):

> Almost 70 years ago, the Supreme Court concluded that a litigant who files suit in state court is a "plaintiff" and cannot remove the case, *even if the defendant files a counterclaim and the original plaintiff then wears two hats, one as plaintiff and one as defendant* -- and even if the counterclaim is distinct from the original claim and could have been a separate piece of litigation. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

4

*First Bank v. DJL Properties, LLC*, 598 F.3d 915, 918 (7th Cir. 2010) (emphasis added).

Here, unlike the situation in *First Bank or Shamrock Oil*, GCAC does not "wear two hats" – *i.e*, plaintiff and counterclaim-defendant. GCAC has no claims; it is only defending against claims. Deaver's cases have nothing to say about the instant situation. *Resurgent Capital Services LP v. Thomason*, 2012 WL 5398189, * 1-2 (W.D. Mo. 2012) (plaintiff *with claims against the defendant* did not become a "defendant" for removal by virtue of the filing by the defendant of a counterclaim against it); *Deutsche Bank Nat. Trust Co. v. Collins*, 2012 WL 768206 (W.D. Ark. 2012) (same); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007) (same).[1]

In none of Deaver's cited cases could the removing "plaintiff" have been realigned as the true defendant, in either state or federal court, as in each case the plaintiff was still asserting claims against the defendant. Here, by contrast, no claims were being asserted by GCAC at the time of removal, and that is the relevant time for purposes of removal. *Schubert v Auto-Owners Ins. Co.*, 674 F.3d 783, 789 (8th Cir. 2012).

There are recent cases, uncited by Deaver, which have dealt with our precise factual situation. And contrary to Deaver's categorical statement to this Court, Deaver's position is not supported by "all circuits and the district courts of this Circuit that have addressed the issue." Far from it: the vast majority of these cases support removal, making GCAC's removal objectively reasonable, and Deaver's description of the state of the case law inaccurate. In *Hickman v Alpine Asset Mgmt. Group, LLC*, 2013 WL 342806, *3 (W.D. Mo. July 24, 2013), the plaintiff Alpine

---

[1] The other cases Deaver cites deal with the situations, inapplicable here, where an additional counterclaim defendant seeks to remove as "defendant." *Westwood Apex v. Contreras*, 644 F.3d 799 (9th Cir. 2011), or where a third-party defendant similarly seeks to remove. *In re Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 849 (6th Cir. 2012); *Palisades Collections LLC v. Shorts*, 552 F.3d 327 (4th Cir. 2008)   In none of these cases could the counterclaim defendant have been realigned as a true defendant, as the party suing him already was the true defendant, defending against plaintiff's claims.

had dismissed its claims against the defendant Hickman in state court prior to removal. At the time of removal by Alpine the only remaining claims were Hickman's "counterclaims" against Alpine. In denying remand, the *Hickman* Court reasoned:

> "When Hickman's claims against Alpine seeking damages were the only claims in the pending state court case, the original state court designations of Alpine as the plaintiff and Hickman as the defendant became nominal only. At this point, Hickman was substantively the plaintiff and Alpine was substantively the defendant. . . . Hickman's argument that her claims against Alpine remained counterclaims, despite Alpine dismissing all its claims in the state court case, is not persuasive."

Other courts addressing the precise issue here – whether a nominal plaintiff may remove where the only claims in the case are those being asserted by the nominal defendant – also have answered the question in the affirmative.

> "The 'primary and controlling matter[s] in the dispute' are Ms. Stewart's claims against Bureaus. In fact, those claims are the only matters in the dispute. Because . . . all of the pending claims originate[] with Ms. Stewart and with her pleading that is nominally titled a 'Counter–Complaint,' there is no doubt that she is properly the plaintiff in the action, and [nominal plaintiff] Bureaus is properly the defendant. Based on these developments, there is also no doubt that her 'Counter–Complaint' was the complaint in this lawsuit by the time of removal. A contrary holding would be an abandonment of the duty 'to look beyond the pleadings and their titles and arrange the parties according to their sides in the dispute.' *Chase Nat'l Bank*, 314 U.S. at 70."

*Stewart v. Bureaus Inv. Group No. 1,* 2011 WL 2313213, *4 (M.D. Ala. 2011) (denying motion to remand after removal by original plaintiff lacking any claims at time of remand); *Passmore v. Discover Bank*, 2012 WL 2332233, *1 (N.D. Ohio 2012) (same); *Hrivnak v. NCO Portfolio Management, Inc.*, 723 F.Supp.2d 1020, 1028 (N.D. Ohio 2010) (former plaintiff lacking claims and realigned by state court as defendant was entitled to remove).[2]

---

[2] *See also Premier Holidays International, Inc. v. Actrade Capital, Inc*., 105 F.Supp.2d 1336, 1342 n.7 (N.D. Ga. 2000) ("The parties have not cited, and the court has not found, any legal authority where a court holds that removal is improper because the realignment request was not made in the removal petition. Actrade points out that such an argument would put form (a purported defect in the removal petition itself) over substance (the true alignment of the parties as determined by the court.)").

6

While in *Stewart* and *Hrivnak* the realignment of the parties had been accomplished, and in *Passmore* ordered, prior to removal, in *Hickman* no formal realignment had been sought before removal; nonetheless the *Hickman* court rightly found that to be irrelevant, as "[s]hould this case have continued in state court, there is no question that the state court would have granted a motion to realign the parties to properly designate the interest of Hickman as the plaintiff and Alpine as the defendant." *Hickman*, 2013 WL 342806, *3 n.1 (W.D. Mo. 2013). The same is beyond dispute true here. More important, the determination of who the true defendant was at the time of removal here is not dependent on the vagaries of state court procedural law. *As a matter of federal law* this Court has a duty to determine the true defendant "in light of the overriding and predominate purpose of the lawsuit at the time it was removed to federal court." *Hickman*, 2013 WL 342806, *4 (citing *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir.2001)).[3] By that measure, GCAC is the true defendant here, removal was proper, and the motion for remand should be denied.

## II.   DEAVER HAS NOT MET ITS BURDEN TO PUT FORWARD EVIDENCE PROVING THE APPLICABILITY OF ANY EXCEPTION TO CAFA REMOVAL

Deaver contends (brief at 3-5) that the local controversy exception to CAFA applies here, because – as it asserts without any factual support – two thirds of the members of the proposed class currently are citizens of Missouri. Deaver's proposed class has no such Missouri-based limitation; it purports to consist broadly of all persons who have had their cars repossessed by GCAC over a six-year period. Deaver concludes that because GCAC's client Car Credit City has six locations, four of which are in Missouri and two in Illinois, that two thirds of the purchases must have taken place in Missouri, and that two thirds of the subsequent repossessions over six

---

[3] For this reason, the contrary result in *Young v. CACH, LLC*, 2013 WL 999237, * 4 (N.D. Ohio 2013), should be rejected, as poorly reasoned. Federal jurisdiction can neither be created nor destroyed by state court procedural vicissitudes. It is this Court's duty to properly align the parties according to the substance of the actual dispute. *City of Indianapolis,* 314 U.S. at 69.

7

years also must have occurred in Missouri, to current residents of Missouri. (Left out of this is the actual question posed by the exception: the citizenship of the class members). This tenuous chain of assumptions and speculation is said by Deaver to constitute "common sense and logic" (brief at 4), requiring remand.

Deaver's "common sense and logic" – are not enough. "But that's all guesswork. Sensible guesswork, based on a sense of how the world works, but guesswork nonetheless." *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) (local state citizenship for CAFA exception not established by cell phone telephone numbers). For an exception to CAFA to be found, evidence and proof are required, as the case Deaver relies on makes clear. "CAFA's text favors federal jurisdiction over class actions and all doubts are to be resolved in favor of federal jurisdiction." *Barfield v. Sho-Me Power Elec. Co-op.*, 2012 WL 2368517, *2 (W.D. Mo. 2012).

The Eighth Circuit squarely has held a party moving for remand must prove the applicability of an exception to CAFA:

> "[T]he [district] court stated that 'even if application of the exception was not as clear as it is, any doubt ... must be resolved in favor of remand.' Provident argues that this was a misstatement of the law, and we agree. Once Provident satisfied CAFA's basic jurisdictional requirements (and Westerfeld does not contend on appeal that Provident failed to do so), the burden shifted to Westerfeld to establish that CAFA's local-controversy exception applied. The District Court erred by resolving any doubt regarding applicability of the local-controversy exception in favor of remand, i.e., in favor of Westerfeld, the party who was invoking the exception to federal jurisdiction and the party who was required to establish that the exception applied. We agree with Provident that the party bearing the burden of proof is not entitled to the benefit of the doubt. On remand, the District Court should resolve any doubt about the applicability of CAFA's local-controversy exception against Westerfeld, the party who seeks remand and the party who bears the burden of establishing that the exception applies.

*Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822-23 (8th Cir. 2010); *City of O'Fallon, Mo. v. CenturyLink, Inc.*, 2013 WL 1036514, *8 (E.D. Mo. 2013) ("the party seeking

8

to invoke the local controversy exception bears the burden of establishing all four (4) elements by a preponderance of the evidence.").

In conformance with the Eighth Circuit's rule, district courts of this circuit have very strictly adhered to a standard of actual proof to support the exception, even in cases, such as home mortgage origination or Missouri land ownership, where "common sense and logic" would much more strongly suggest a two-thirds local nexus than is surmised here:

> "[T]he Court holds the simple fact that all members of the class had to have paid an "origination fee," or other similarly worded fee or charge, in connection with a mortgage loan from Defendant for a Missouri residential property in the 5 years immediately prior to the filing of this suit, is not sufficient to establish that these members were Missouri citizens at the time the complaint was filed. Plaintiffs provide no evidence to fill in the gaps, and thus, given the narrow interpretation to be given to the local controversy exception under CAFA, [Plaintiffs have] failed to establish beyond a preponderance of the evidence that the first prong of the local controversy exception is met."

*Boegeman v. Bank Star*, 2012 WL 4793739, *3 (E.D. Mo. 2012); *Barfield v. Sho-Me Power Elec. Co-op.*, 2012 WL 2368517, *3 (W.D. Mo.2012) (holding that where putative class consisted "of all members who own land in Missouri underlying Defendants' electric-transmission or distribution lines and on or in which a Defendant had installed – or announced plans for the installation of -- fiber-optic cable," evidence of current mailing addresses for retail electric customers, current mailing addresses for property tax bills in two counties and mailing addresses (if shown) on deeds transferred in one county was insufficient to establish local citizenship of two thirds of the class.").

Deaver has submitted no evidence of any kind to prove that any particular percentage his of putative class of all persons who had a car repossessed by GCAG over a six-year period in the past are currently citizens of Missouri. For this reason alone, his attempt to invoke the 'local controversy" exception, 28 U.SC. §1332(d)(3), and the related §1332(d)(3) exception to CAFA removal, also asserted without factual basis (brief at 5-6), must be denied.

9

### III. DEAVER'S CONTENTION THAT GCAC HAS WAIVED ITS STATUTORY RIGHT TO REMOVAL IS WITHOUT LEGAL OR FACTUAL MERIT

Deaver's last argument is that GCAC has somehow waived its statutory right to removal. This argument, for which no controlling authority is cited, is without merit. A waiver is a voluntary relinquishment of a known right. When Deaver made the allegations supplying the jurisdictional amount required for removal under CAFA, GCAC removed in less than 30 days. Prior to this, neither Deaver nor GCAC had obtained any substantive ruling on the merits of their claims or defenses, which Deaver's own cited case holds is essential for a finding of waiver. *Rose v. Giamatti*, 721 F. Supp. 906, 923 (S.D. Ohio 1989) (actions "resulting in a decision on the merits" required for waiver).

GCAC has been unable to find any case in the Eighth Circuit or any of its district courts applying the doctrine of waiver to removal under the modern statutes, except where a contractual forum selection clause expressly waives the right to remove. *E.g., iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081 (8th Cir. 2005).

A few other courts have occasionally found a waiver, but have cautioned it is to be found only in "extreme situations." *See, e.g., Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir.1991). Just such an extreme situation is presented by the case Deaver most heavily relies upon. In *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986), the court found waiver where a defendant sought to remove *in the middle of trial*, *after making, and losing, a motion for a mistrial*. Simply to recite these facts, not disclosed by Deaver, is to highlight how deficient is Deaver's waiver argument. GCAC has not waived its right to remove, but seized it with alacrity when it became available under CAFA. Deaver's waiver argument, like his other arguments for remand, is without basis and should be denied.

# CONCLUSION

For all the foregoing reasons, Deaver's motion to remand is without merit, and should be denied.

BROWN & JAMES, P.C.

/s/Timothy J. Wolf
Russell F. Watters,   #25758
Timothy J. Wolf,      ##53099
Robert L. Carter,     #31699
800 Market Street, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com
twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent electronically via the Court's electronic filing system, this 5th day of April, 2013, which will send notification of such filing to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332; 314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Counterclaimant Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

/s/Timothy J. Wolf

#11107880