**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GENERAL CREDIT ACCEPTANCE COMPANY, LLC, | ) ) ) | |
| | ) | Case No. 4:13-CV-524-ERW |
| Counterdefendant, | ) | |
| v. | ) ) | Removed from the Twenty-First Judicial Circuit Court, St. Louis |
| DAVID DEAVER, | ) ) | County, Missouri Case No. 11SL-AC2887 |
| Counterclaimant. | ) | Division: 42M |

**GCAC'S MOTION TO STAY AND SUSPEND THE OPERATION OF THE STATE COURT'S SCHEDULING AND DISCOVERY ORDERS, PENDING THE ISSUANCE OF SCHEDULING AND DISCOVERY ORDERS BY THIS COURT**

General Credit Acceptance Company, LLC ("GCAC"), the removing party in this removed action, respectfully moves this Court for an Order suspending and staying the operation of the state Court's scheduling and discovery orders, entered prior to removal, pending this Court's determination of its subject matter jurisdiction and entry of a Case Management Order pursuant to Local Rules 26-3.01 and 16-5.04, and/or entry of interim scheduling orders consistent with the Federal Rules of Civil Procedure.

**INTRODUCTION**

This action was originally commenced in the Circuit Court of St. Louis County, and was removed on March 20, 2013, by GCAC, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). The only claims asserted herein are those by David Deaver ("Deaver"), bringing a putative class action alleging violations of the U.C.C. and seeking more than $30 million. (The facts are recited in more detail in GCAC's Notice of Removal [Doc. #1 p. 1-11]).

Currently, pending before this Court are Deaver's Motion to Remand, and GCAC's Motion to Realign. These motions are fully briefed.

Prior to removal, the State Court made no substantive ruling on the merits or on class certification. The Court did issue several scheduling and discovery orders, directed to the scope and timing of discovery. These include denying a motion for a protective order, concerning discovery, and the timing of motions, made by GCAC, including postponement of briefing and hearing of Motion for Summary Judgment directed against Deaver's individual claim until after class certification hearing. These orders set forth the due dates for each step in the conduct of motion practice and discovery in this case, *e.g.*, requiring that GCAC produce certain voluminous records by today, April 11, 2013, and that Deaver file its Motion for Class Certification by April 15, 2013. (State Court's Amended Scheduling and Discovery Order, dated February 25, 2013 [Notice of Removal "NOR," Exh. D, Doc. #2 1-7, pp. 7-8 of 131]) and State Court's Orders Denying Motion for a Protective Order, dated December 31, 2012, and Order denying reconsideration thereof, dated March 12, 2013 [NOR, Exh. D, Doc. # 1-7 pp. 20-23 of 131 and Doc. #1-7 p. 2 of 131]. By this motion GCAC seeks an Order from this Court staying the state court's scheduling and discovery orders, pending the entry of scheduling and discovery orders by this Court, in accordance with the Federal Rules of Civil Procedure.

**MEMORANDUM OF LAW**

This Court has the power, and the duty, to enter new scheduling and discovery orders.

"Following removal, federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."

Myers v. Moore Engineering, Inc., 42 F.3d 452, 454-55 (8th Cir. 994); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437 (1974)) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court

2

after removal."); *Laney ex rel. Laney v. Schneider Nat. Carriers, Inc.*, 259 F.R.D. 562, 564-65 (N.D. Okla. 2009) (after removal, a "state court order is not entitled to deference in federal court, and because federal procedure governs the enforcement of a prior state court order removed to federal court, the federal court should ensure that the order is consistent with the federal rules.").

This is especially true here, where removal is pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453(b), which was designed to provide class action defendants with the protections of federal procedure and law sometimes lacking in state a court forum. *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755, 757 (7th Cir. 2006) ("[T]he Class Action Fairness Act provides for federal resolution of the plaintiffs' claims, so the district court need not (and should not) give any weight to the state judge's order of default and the scope of the class certification. These and all other questions are open to independent resolution in the federal forum.").

## CONCLUSION

Wherefore, GCAC respectfully requests that the prior state court discovery and scheduling orders be set aside, or stayed and suspended, and that, following this Court's decision as to whether it has subject matter jurisdiction, the Court set the "future course of proceedings" here in accordance with the applicable Federal Rules, after conference by the parties and submissions in accordance with Fed. R. Civ. P. Rules 26 and 16.

                                            BROWN & JAMES, P.C.

                                            /s/ Robert L. Carter
Russell F. Watters,   #25758
Timothy J. Wolf,   ##53099
Robert L. Carter,   #31699
800 Market Street, Ste. 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-421-3128 – FAX
rwatters@bjpc.com; twolf@bjpc.com
rcarter@bjpc.com
*Attorneys for Counterclaim-Defendant GCAC*

3

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that a true and correct copy of the foregoing was sent electronically via the Court's electronic filing system, this 11th day of April, 2013, which will send notification of such filing to:

Martin L. Daesch
Jesse B. Rochman
Sandberg Phoenix & von Gontard PC
600 Washington Avenue, 15th Floor
St. Louis, MO 63101
314-231-3332; 314-241-7604 (fax)
mdaesch@sandbergphoenix.com
jrochman@sandbergphoenix.com
*Attorney for Counterclaimant Defendant Deaver*

William F. Whealen, Jr.
Miller & Steeno, P.C.
11970 Borman Drive, Ste. 250
St. Louis, MO 63146
wwhealen@millersteeno.com
*Attorneys for Plaintiff GCAC*

                /s/ Robert L. Carter

#11117576