UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENERAL CREDIT ACCEPTANCE, COMPANY, LLC, | ) ) ) |
| Plaintiff/Counterclaim-Defendant, | ) ) |
| vs. | ) ) Case No. 4:13CV00524 ERW ) |
| DAVID DEAVER, | ) ) |
| Defendant/Counterclaim-Plaintiff. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Counterclaimant David Deaver's ("Deaver") Motion to Remand pursuant to 28 U.S.C. § 1447(c) [ECF No. 13], and his Motion for Sanctions against Counterclaim-Defendant, General Credit Acceptance Company ("GCAC") pursuant to Fed. R. Civ. P. 37(b)(2)(A) [ECF No. 21].  Also before the Court is GCAC's Motion to Realign Parties [ECF No. 15], and its Motion to Stay and Suspend the operation of the state court's scheduling and discovery orders, pending the issuance of scheduling and discovery orders by this Court [ECF No. 20].  A hearing was held on April 30, 2013, in which the Court heard arguments of counsel on the pending Motions.

**I.  PROCEDURAL BACKGROUND**

On August 8, 2011, this action was commenced by GCAC in the Twenty-First Judicial Circuit Court, St. Louis County, Missouri.  GCAC filed a one-count petition for breach of contract against Deaver to obtain a deficiency judgment on a retail installment contract.  On March 20, 2012, Deaver filed an answer and a counterclaim.  On May 7, 2012, Deaver was granted leave to amend his answer to include a consumer class action counterclaim. The

counterclaim did not specify the amount of damages claimed, stating that it sought an award of damages to Deaver and the class as provided by the UCC.  On August 22, 2012, GCAC voluntarily dismissed its contract claim.  Deaver's class action counterclaim, therefore, was the only remaining claim in the state court action.  On February 26, 2013, Counterclaimant Deaver sent a Settlement Demand Letter to GCAC, seeking $10,000,000 to settle the Counterclaim, and estimating GCAC's statutory liability at $30,400,000.  On March 20, 2013, GCAC removed the case to this Court.  Following removal, Deaver filed a Motion to Remand, to which GCAC responded and Deaver replied.  In his Motion to Remand, Deaver requests an award of attorney fees and costs incident to filing the Motion.  GCAC then filed a Motion to Realign the Parties and a Motion to Stay and Suspend the state court's scheduling and discovery orders.  Deaver subsequently motioned the Court for sanctions, including default judgment against GCAC.

## II.  APPLICABLE LAW

Under 28 U.S.C. 1332(d) a class action is removable if any member of a class of plaintiffs is a citizen of a state different from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.  28 U.S.C. 1332(d).  A class action may be removed to a district court in accordance with 28 U.S.C. 1446, (except that the one-year limitation under 28 U.S.C. 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.  28 U.S.C. 1453(b).  The burden rests with GCAC to demonstrate removal in this case was proper.  *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993).  Traditionally, any doubts as to the propriety of removal are resolved in favor of state court jurisdiction.  *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007).  However, federal courts should "be equally vigilant to protect the right to proceed in

Federal court as to permit the state courts, in proper cases to retain their own jurisdiction." *Wrecker v. Nat'l Enameling & Stamping Co.,* 204 U.S. 176, 186 (1907).

### III.  DISCUSSION

#### A.  Motion to Remand

GCAC, in its Notice of Removal [ECF No. 1], states that this Court has original jurisdiction over the putative class action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and the action is removable pursuant to 28 U.S.C. §§ 1446(b)(3) and 1453, in that many members of the Class are citizens of a State other than the state of Plaintiff's citizenship and the amount at issue exceeds $5,000,000.00, exclusive of interest and costs. GCAC contends that because it determined that the basis for liability asserted by Deaver in his counterclaim constituted a rare occurrence, it could not remove the Counterclaim when it was originally filed by Deaver, because GCAC could not meet its burden to establish the jurisdictional amount by a preponderance of the evidence.  [ECF No. 1, at 4].  On February 26, 2013, GCAC alleges that Counsel for Counterclaimant Deaver sent a Settlement Demand Letter, seeking $10,000,000 to settle the Counterclaim, and setting forth a new theory of liability against GCAC.  *Id.* at 4-5.  GCAC contends that this Settlement Demand Letter constitutes an "other paper" under 28 U.S.C. 1446(b)(3), which provided the necessary affirmative proof that the jurisdictional amount was satisfied in accordance with 28 U.S.C. § 1446(b), and triggered the 30-day removal period, during which GCAC properly removed the action.[1]  [ECF No. 1, at 7-9].

Counterclaimant Deaver moves to remand this case pursuant to 28 USC § 1447(c).

---

[1] "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3) (emphasis added).

3

Deaver argues that the removal was improper, but does not dispute the amount in controversy, timing of removal, or the "other paper" basis.  Deaver contends that GCAC removed the case to appeal the adverse decisions of the state court regarding GCAC's motions for summary judgment, and in a concerted effort to avoid production of documents the state court ordered GCAC to produce.  [ECF No. 14, at 2].  Deaver argues that remand is appropriate for **four** independent reasons.

First, Deaver claims that GCAC is the original plaintiff in this case, and now the Counterclaim-Defendant, and having submitted itself to the jurisdiction of the state court, is *not* now entitled to remove the case to federal court.  [ECF Nos. 14, at 3; 19, at 5].  Deaver cites to the Supreme Court's decision in *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100 (1941), for the proposition that if a party is a true plaintiff at the time it filed its lawsuit, it remains a plaintiff and can never remove.  [ECF No. 19, at 5].  Deaver further maintains that in actions in which the original claim filed by the plaintiff is *settled or dismissed*, the original plaintiff remains the plaintiff for purposes of removing the remaining counterclaims.  *Id.* at 6.  GCAC opposes the Motion to Remand, contending that removal was proper as immediately prior to removal, GCAC was the nominal plaintiff only, lacking any claims - but defending against Deaver's class action counterclaim.  GCAC states that, unlike the situation in *Shamrock Oil*, GCAC does not "wear two hats" – *i.e*, plaintiff and counterclaim-defendant.  [ECF No. 17, at 5].  GCAC alleges that the instant action is distinguishable from *Shamrock* and other cases relied on by Deaver, as the counterclaimants in those cases were also plaintiffs *prosecuting their claims at the time of removal*.  *Id.* at 4 (emphasis added).  GCAC argues that it has no claims; it is only defending against claims, and is, therefore, the true defendant, making removal proper.  [ECF No. 17, at 5, 7].

4

It is well-established law that a plaintiff cannot remove an action to federal court on the basis that a counterclaim permits removal. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941). The Supreme Court in *Shamrock* concluded that a litigant who files suit in state court is a "plaintiff" and cannot remove the case, even if the defendant files a counterclaim and the original plaintiff then wears two hats, one as plaintiff and one as defendant, and even if the counterclaim is distinct from the original claim and could have been a separate piece of litigation. *See Id.* As noted, GCAC argues that, unlike *Shamrock*, GCAC did not wear *two hats* at removal, as it voluntarily dismissed its claim against Deaver, leaving only the counterclaim by Deaver against GCAC. [ECF No. 17, at 5]. GCAC contends that there are several recent cases with similar factual situations, in which removal by the counterclaim defendant was found to be proper. However, unlike the instant action, in three of the cases cited by GCAC, *Hrivnak v. NCO Portfolio Mgmt.,* 723 F. Supp.2d 1020, 1028 (N.D. Ohio 2010), *Passmore v. Discover Bank*, No. 1:11CV01347, 2012 WL 2332233, at * 1(N.D. Ohio June 14, 2012), and *Stewart v. Bureaus Ins. Grp. # 1*, No. 3:10CV1019, 2011 WL 2313213, at *3 (M.D. Ala. June 10, 2011), the state court had already realigned the parties prior to the removal. These federal courts held that when a state court realigns parties, the realigned defendant can properly remove an action to federal court. *Id.* (as to entire string citation). Here, the state court did not realign the parties, and GCAC was still the plaintiff at removal. GCAC also relies on *Hickman v. Alpine Asset Mgmt. Group, LLC*, for the proposition that a nominal plaintiff may remove where the only claims in the case are those being asserted by the nominal defendant. No. 111236CVS MJW, 2013 WL 342806, at * 3 (W.D. MO Jan. 29, 2013). In *Hickman*, plaintiff Alpine had dismissed its claims against defendant Hickman in state court prior to removing the case. *Id.* At the time of removal by Alpine, the only remaining claims were Hickman's "counterclaims" against Alpine. *Id.* at * 4. The court

5

found removal proper, granted Alpine's motion to realign, and denied remand. *Id.* at * 2. However, *Hickman* is distinguishable from the instant action, as the counterclaimant in *Hickman* "did *not* oppose the removal or the realignment of the parties, and filed a motion to remand only *after* summary judgment was granted in favor of [the original plaintiff] on the merits of [the counterclaimant's] claims against [the original plaintiff]." *Id.* at * 5 (emphasis added).  Here, Deaver opposed the Motion to Realign, and unlike the court's grant of summary judgment in *Hickman*, this Court has not disposed of the case on its merits.

Furthermore, the Court notes that GCAC's removal of this case under CAFA, 28 U.S.C. § 1453, does not create an exception to *Shamrock*'s longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court.  Three circuits have held that *Shamrock* applies to removal under the CAFA.  *Palisades Collections LLC v. Shorts,* 552 F.3d 327, 336 (4th Cir. 2008); *Progressive W. Ins. Co. v. Preciado,* 479 F.3d 1014, 1018 (9th Cir. 2007); *First Bank v. DJL Props, LLC*, 598 F.3d 915, 916-917 (7th Cir. 2010).  CAFA's removal provision, section 1453(b), provides that "[a] class action may be removed to a district court ... in accordance with section 1446."[2]  Section 1446, in turn, sets forth the removal procedure for  "[a] *defendant or defendants* desiring to remove any civil action ... from a State court." *Palisades*, 552 F.3d at 334 (citing *Progressive*, 479 F.3d at 1018).  The interpretation of "*defendant or defendants*" for purposes of federal removal jurisdiction continues to be controlled by *Shamrock*, which excludes plaintiff/cross-defendants from qualifying "defendants."  *Id.*  The Court therefore finds, in accordance with *Shamrock*, that GCAC, the original Plaintiff, cannot remove this action

---

[2]"A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446 (c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. 1453(b).

6

based on Deaver's counterclaim.  Here, GCAC chose the state forum, and is therefore bound by its choice, and may not remove the case.

Although claiming the above argument under *Shamrock* is sufficient to undermine removal, Deaver offers three additional reasons in support of remand.  Deaver maintains that remand is appropriate as the two of the exceptions to CAFA are applicable under the facts of this case.  According to Deaver, the local controversy exception, pursuant to 28 U.S.C. § 1332(d)(4), is satisfied as 1) greater than two-thirds of the members of the proposed class are citizens of Missouri, 2) Counterclaim-Defendant GCAC is a citizen of Missouri, 3) the principal injuries occurred in Missouri, and 4) no other class action alleging similar facts was filed against GCAC in the past three years. [ECF No. 13, at 2].[3]  Deaver additionally argues that the balance-of - interest-of-justice exception factors, under 28 U.S.C. § 1332(d)(3), weigh heavily in favor of remand.  [ECF No. 13, at 2].  Finally, Deaver also contends remand is warranted as GCAC waived any right it had to remove the case by affirmative actions it took in the state proceeding.  *Id.*  Deaver argues that GCAC moved for summary judgment, seeking disposition on the merits, *after* it allegedly became aware of its right to remove by receipt of the demand letter.  [ECF Nos. 14, at 7].

GCAC contests Deaver's arguments that remand is required under the "local controversy exception" and "balance-of-interest-of-justice exception" to CAFA.  GCAC contends that the

---

[3]While Deaver acknowledges that he cannot establish a specific percentage of class members from Missouri(in satisfaction of the first element), he suggests that common sense and logic would confirm the requirement that the two-thirds percentage is met. [ECF No. 14, at 4]. In support of his "common sense" rationale, Deaver reasons that as he "seeks to represent a class of persons who had their vehicles repossessed by GCAC [and] [t]wo-thirds of the Car Credit City [from whom GCAC allegedly takes assignment of defaulted loans] locations are in Missouri . . . Common sense and logic [would] dictate that if two-thirds of the physical locations for Car Credit City are located in Missouri, then two-thirds or more of all purchases from Car Credit City, and subsequent repossessions, were done in Missouri." *Id.*

Eighth Circuit has squarely held that a party moving for remand must prove the applicability of an exception to CAFA, and that Deaver has not met this burden.[4]  [ECF No. 17, at 7-8].  GCAC additionally asserts that Deaver's contention that GCAC has waived its statutory right to removal is without legal or factual merit as it removed the action promptly within 30 days of Deaver's Settlement Demand letter, which supplied the jurisdictional amount required for removal under CAFA.  *Id.* at 10.  Furthermore, GCAC maintains that neither party has obtained any substantive ruling on the merits of claims or defenses, which is essential to a finding of waiver.  *Id.*

The Court need not address these three additional arguments involving the applicability of the CAFA exceptions and waiver.  The Court has already determined that GCAC, a plaintiff who chose to commence the action in state court, cannot later remove to federal court, even when the counterclaim forming the basis for removal is the remaining claim in the action.  As remand is properly granted on this ground alone, it is unnecessary to examine the other arguments raised by Deaver.

**B.  Motion to Realign**

GCAC moves the Court to realign the parties.  GCAC contends that, as it dismissed with prejudice all of its claims against Deaver, and Deaver's putative class action was the only remaining claim before the state court, Deaver substantively was the plaintiff, and GCAC substantively was the defendant.  [ECF Nos. 15, at ¶¶ 3-4; 18, at 18].  GCAC then argues that when addressing realignment, a federal court must consider the predominate purpose of the litigation *at the time it was removed* to federal court.  [ECF No. 18, at 1].  In other words, here,

---

[4]Specifically, GCAC argues that Deaver does not establish a factual basis regarding the citizenship of putative class members. [ECF No. 17, at 9].  GCAC states that Deaver has provided no evidence of any kind to prove that any particular percentage of his putative class of all persons who had a car repossessed by GCAC over a six year period in the past, are currently citizens of Missouri.  *Id.*

8

realignment would not be assessed until after GCAC had dismissed the claim it voluntarily brought in the state forum, leaving only the counterclaim brought by Deaver. Deaver opposes the Motion to Realign, stating that the question of realignment is not tested at the time of removal; rather, it must be tested *at the time of filing of the original suit*. [ECF No. 16, at 2, emphasis added]. Deaver maintains that, as GCAC admits *at the time of filing the original suit,* it was substantively and exclusively the plaintiff, realignment is improper and GCAC's motion should be denied. *Id.* (emphasis added).

The parties positions in the instant Motion to Realign turn on whether the question of realignment is properly tested at the time of filing of the original suit or at the time of removal. In *Universal Underwriters Ins. v. Wagner* ("*Wagner*"), the Eighth Circuit stated that "the question of realignment, involving jurisdiction, must be tested at the time of filing the complaint." 367 F.2d 866, 871 (8th Cir. 1966) (internal citations omitted). GCAC attempts to distinguish from *Wagner* by stating that *Wagner* did not involve removal jurisdiction, rather realignment was sought to destroy existing diversity jurisdiction. Although emphasizing this distinction, GCAC does not offer persuasive case law in support of the proposition that the precedent in *Wagner* is inapplicable when realignment is sought after removal. GCAC does argue that *Hickman* provides support for realignment under the factual scenario at issue here. In *Hickman*, a federal court in the Western District of Missouri realigned parties after removal when the only claim pending was a counterclaim, as the claims filed by the original plaintiff had been dismissed in state court. 2013 WL 342806, at * 4. However, as noted earlier, *Hickman* is distnguishable as the plaintiff/counterclaim defendant's Motion to Realign was unopposed. *Id.* at * 5. Furthermore, this Court notes that the *Hickman* court failed to address the 8th Circuit precedent in *Wagner* when determining that realignment was proper. Here, the Court declines to

9

follow *Hickman*, instead concluding that *Wagner* is applicable in the context of a case removed to federal court, and that the federal court should, accordingly, assess realignment at the time of filing the complaint.  *See also Nationwide Mut. Ins. Co. v. Barrett*, No. 5:10CV71, 2010 WL 3396818, at * 2 (N.D. W.Va., Aug. 25, 2010) ("[f]acts forming the basis of realignment must exist at the time of filing the original suit."); *Tx. Pac. Coal & Oil Co. v. Mayfield,* 152 F.2d 956, 957 (5th Cir. 1946); *Farmers Alliance Mut. Ins. Co. v. Jones,* 570 F.2d 1384, 1387 (10th Cir. 1978).

Having determined the threshold timing issue of when realignment should be assessed, the Court will now turn to the analysis of whether realignment itself is warranted.  It is the duty of the federal courts to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of City of New York,* 314 U.S. 63, 69 (1941) (quoted case omitted)); *Hartford Accident and Indem. Co. v. Doe Run Res. Corp.*, No. 4:08CV1687 CAS, 2009 WL 1067209, at * 2 (E.D. Mo. Apr. 21, 2009).  The realignment inquiry generally examines whether "parties with the same ultimate interests in the outcome of the action are on the same side." *JBB Invs. LLC v. Fazoli's Franchising Sys. LLC,* No. 3:08CV00003 SWW, 2008 WL 2568468, at * 3 (E.D. Ark. June 25, 2008) (citations and quotations omitted).  In the Eighth Circuit, district courts have generally applied two tests to determine whether realignment is appropriate.  *See Hartford,* 2009 WL 1067209, at * 2.  One test examines the original plaintiff's "primary" or "principal" purpose for filing suit.  *Farmers Bank & Trust Co. v. Ameris of Ark., LLC*, No. 3:07CV0017 BSM, 2010 WL 4269192, at *3 (E.D. Ark. Oct. 25, 2010); *see also Wagner,* 367 F.2d at 870.  The parties are then aligned according to the primary purpose of the lawsuit and their respective interests.  *Zavanna, LLC v. Roda Drilling Co.,* No. 4:09CV022, 2009 WL 3720177, at * 7 (D.N.D. Nov. 3, 2009).  The second test provides that

"realignment of the parties is not required when there is an actual and substantial conflict between the parties that are sought to be realigned, even if it is not necessarily the primary dispute." *Id.* (citing cases).  The lower courts are divided in their application of the two tests. *Hartford*, 2009 WL 1067209, at * 2.  The Eighth Circuit adopted the actual and substantial conflict test in *Wagner,* 367 F.2d at 870 (referring to the "principal purpose of the suit" but requiring only a "substantial controversy" on any issue between the parties).  Several district courts in this circuit have recognized that the actual and substantial conflict test is controlling in the Eighth Circuit.  *See Hartford*, 2009 WL 1067209, at * 2; *Fazoli's*, 2008 WL 2568468, at *3; *EOG Res., Inc. v. Badlands Power Fuels, LLC,* No. 4:08CV038, 2009 WL 424431, at *5 (D.N.D. Feb.18, 2009); *Zavanna,* 2009 WL 3720177, at * 7.

The Court does not find that realignment is warranted under either test in this case. Under the principal purpose test, the Court will examine the original plaintiff, GCAC's principal purpose in filing the suit, and ask if GCAC and Deaver are properly aligned on that issue.  *See Arrow Fin'l Svc's LLC v. Williams*, No. 103416CVCDW, 2011 WL 9158435 at * 3 (W.D. MO. Jan. 20, 2011); *Palisades*, 552 F.3d at 337.  GCAC argues that the Court, in applying this test, must  "consider the *overriding and predominate purpose* of the litigation *at the time it was removed to federal court*." [ECF No. 15, at 2, emphasis added].  However, the Court has already determined that alignment is tested *at the time the complaint is filed*.  Here, GCAC's principal purpose in filing the complaint was to seek a deficiency judgment from Deaver.  On that issue, GCAC and Deaver are properly aligned according to the principal purpose of the litigation. Secondly, under the "Substantial Conflict" test, and regardless of the principal purpose of the lawsuit, there is an actual and substantial conflict between GCAC on one side, and Deaver on the other.  *See Farmers Bank and Trust*, 2010 WL 4269192, at * 3 (recognizing that "alignment is

11

proper when parties with the same ultimate interests in the outcome of the action are on the same side of the litigation.").

Ultimately, here, there is not a situation where antagonistic parties are on the same side, and realignment would only serve to manufacture federal jurisdiction. *See Arrow Fin'l*, 2011 WL 9158435 at ** 3-4. GCAC chose to pursue its claim in state court. Defendant Deaver answered and filed a counterclaim. The only justification for realignment here is that the original complaint by GCAC has been voluntarily dismissed, and GCAC no longer wishes to litigate in the forum it originally selected. This justification does not comprise a valid reason to grant GCAC a change in status for removal purposes.[5] Furthermore, it is a somewhat circuitous argument by GCAC that 1) realignment should be measured at removal, when GCAC's claims have been dismissed and only a counterclaim remains, and that 2) the propriety of removal should not be assessed until after the Court has assumed jurisdiction and ruled on the Motion to Realign. Thus, the Court shall deny GCAC's Motion to Realign the Parties, as it meets neither the principal purpose or the actual and substantial conflict tests utilized in the Eighth Circuit.

### C. Attorney Fees and Costs

In Deaver's Motion to Remand, he seeks an award of attorney fees and costs incurred due to GCAC's removal under 28 U.S.C. 1447(c).[6] [ECF No. 13, at 2-3]. The decision whether to award costs and fees under 28 U.S.C. § 1447(c) rests in the Court's discretion. *Martin v.*

---

[5]Although unnecessary to this Court's conclusion, it also notes that Deaver presented argument that GCAC removed this action as one of several attempts to avoid state court ordered production of discovery. Clearly, this would be an inappropriate use of realignment to forum shop for a more favorable ruling on a discovery motion, and avoid a court order. As the Court denies realignment on other grounds, it need not reach this contention.

[6]An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. 1447(c ).

*Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees ... only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *Missouri v. Webb*, No. 4:11CV1237AGF, 2012 WL 1033414, at * 5 (E.D. Mo. Mar. 27, 2012).  In exercising discretion to make such an award, courts also weigh the statutory objective of providing a federal forum against the interest of avoiding removals sought solely for the purpose of prolonging litigation.  *Martin,* 546 U.S. at 140.  Deaver contends that GCAC lacked an objectively reasonable basis for removal because it removed the case in light of the almost complete certainty of remand due to the well-settled authority that a counterclaim-defendant cannot remove an action to federal court. [ECF No. 14, at 8].  Deaver also alleges that GCAC's removal was sought to delay the discovery process and seek relief from the state court's scheduling orders. *Id.*  GCAC, however, argues that its removal is objectively reasonable as it is supported by the law, including on-point decisions in state courts. [ECF No. 17, at 3].  Even though GCAC's removal, as well as actions taken in state court,could support an argument that GCAC sought removal, at least in part, for the purpose of prolonging litigation and avoiding the state court's order to produce certain documents, the Court cannot say that GCAC lacked an objectively reasonable basis.  Although the cases cited by GCAC do not establish the propriety of removal, the Court does not find GCAC's removal to be wholly unreasonable in light of these cases, even if inapposite. The Court finds that such fees and costs are inappropriate in this matter because GCAC at least asserted a colorable claim to removal jurisdiction in this Court.  Accordingly, the Court declines Deaver's request for attorney fees and costs.

### D.  GCAC's Motion to Stay and Suspend and Deaver's Motion for Sanctions

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), Deaver requests that GCAC's pleadings be

13

stricken, and a default judgment be entered against GCAC.  GCAC seeks to have the Court stay and suspend the operation of the state court's scheduling and discovery orders, pending the issuance of scheduling and discovery orders by this Court.  As the Court has granted the Motion to Remand the case back to state court, these requests are deemed moot.

Accordingly,

Deaver's Motion to Remand, will be granted. However, Deaver's request for attorney fees and costs will be denied as GCAC's removal was objectively reasonable.  Additionally, GCAC's Motion to Realign the parties will be denied.  Finally, Deaver's Motion for Sanctions and GCAC's Motion to Stay and Suspend the operation of the state court's scheduling and discovery orders are denied as moot.

**IT IS HEREBY ORDERED** that Deaver's Motion to Remand the case to the Twenty-First Judicial Circuit Court, St. Louis County, Missouri [ECF No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Deaver's request for attorney fees and costs incident to filing the Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED** that GCAC's Motion to Realign Parties [ECF No. 15] is **DENIED.**

**IT IS FURTHER ORDERED** that Deaver's Motion for Sanctions against Counterclaim Defendant GCAC [ECF No.21], and GCAC's Motion to Stay and Suspend the operation of the state court's scheduling and discovery orders [ECF No. 20] are **DENIED** as Moot.

Dated this   3rd   day of June, 2013.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE